Mariam Azhar (SBN 329715)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Email: mazhar@cov.com

Andrew Soukup (*pro hac vice*)
Sameer Aggarwal (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Email: asoukup@cov.com
        saggarwal@cov.com

*Attorneys for Defendant*
*The Procter & Gamble Company*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| STEPHEN SNEED, and NICKOLAS CANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Civil Case No. 4:23-cv-05443-JST<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: January 9, 2025<br>Time: 2:00 p.m.<br>Location: Videoconference<br>Judge: Hon. Jon S. Tigar |

In ruling on its pending motion to dismiss, Defendant The Procter & Gamble Company ("P&G") respectfully requests that this Court consider the documents described below and authenticated as Exhibit 1 to the Declaration of Maria Petrey in Support of Defendant's Request for Judicial Notice ("Petrey Declaration") and Exhibits 2 through 20 to Declaration of Mariam Azhar in Support of Defendant's Request for Judicial Notice ("Azhar Declaration").

In deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider "documents incorporated by reference in the complaint, or matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment"). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

For the reasons discussed below, the documents attached as Exhibit 1 to the Petrey Declaration and Exhibits 2 through 20 to the Azhar Declaration are properly considered by the Court (i) as judicially noticeable and (ii) under the incorporation-by-reference doctrine.

***FDA Letters and Statements That Are Judicially Noticeable.*** Exhibits 1 through 3 are FDA documents that are relevant to Plaintiffs' claims. They may properly be considered because courts may take judicial notice of "government documents." *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018). Exhibits 1 and 2 are copies of letters from the FDA approving via the "Abbreviated New Drug Application" process the labels of two diphenhydramine-based products, both of which included a "non-habit forming" representation. *See* Petrey Decl. ¶ 5; Azhar Decl. ¶ 2. Exhibit 3 is a report titled *Side Effects of Sleep Drugs* that was published on the FDA's website. *See* Azhar Decl. ¶ 3. "Public records and information on government agency websites are properly subject to judicial notice," and this includes letters from the FDA. *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1206 (N.D. Cal. 2017) (Tigar, J.) (taking judicial notice of "letters sent between the Center for Science in the Public Interest and the FDA" and "copies of warning letters sent from the FDA to other companies").

***Cited Sources Incorporated By Reference Into The Complaint.*** Exhibits 4 through 20 are all sources that Plaintiffs cited in the Second Amended Complaint. Sixteen of these seventeen sources

(Exhibits 4–19) are newly added to the Second Amended Complaint.  One source (Exhibit 20) was also cited in Plaintiffs' First Amended Complaint, *see* ECF No. 23 ¶ 13 n.4, and it was considered by this Court when it dismissed Plaintiffs' First Amended Complaint, *see* Order at 12–13.  These sources are all incorporated-by-reference in Plaintiffs' Second Amended Complaint because they are expressly referenced in that document and may be considered in ruling on P&G's motion to dismiss because "[t]he sources that Plaintiffs cite . . . to support this claim go straight to the question of whether their claims have facial plausibility."  Order at 13; *see also Martin v. Doctor's Best, Inc.*, 2023 WL 6370230, at *6 (C.D. Cal. 2023) ("[B]ecause the court incorporates by reference the scientific studies, the court may properly consider whether the studies contradict [p]laintiff's allegations.").

For the foregoing reasons, P&G respectfully requests that the Court consider Exhibits 1 through 20 in ruling on P&G's motion to dismiss.

Dated: October 18, 2024                                    Respectfully submitted,

*/s/ Mariam Azhar*

Mariam Azhar (SBN 329715)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Email: mazhar@cov.com

Andrew Soukup (*pro hac vice*)
Sameer Aggarwal (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Email: asoukup@cov.com
            saggarwal@cov.com

*Attorneys for Defendant*
*The Procter & Gamble Company*