**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
Cassandra Rasmussen (*PHV forthcoming*)
*crasmussen@clarksonlawfirm.com*
Jiaming Zheng (SBN 363184)
*jzheng@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SNEED, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br>          v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>                     Defendant. | Case No. 4:23-cv-5443-JST<br>Complaint Filed: October 23, 2023<br>FAC Filed: January 26, 2024<br>SAC Filed: September 16, 2024<br><br>*Assigned for all purposes to Hon. Jon S. Tigar*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND TO MODIFY CASE SCHEDULE**<br><br><u>Hearing Information:</u><br>Date:          January 29, 2026<br>Time:         2:00 P.M.<br>Courtroom:  6, 2nd Fl |

Case No. 4:23-cv-5443-JST

PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND MODIFY CASE SCHEDULE

# NOTICE OF MOTION AND MOTION

## TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 29, 2026,[1] at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Jon S. Tigar, Plaintiff Stephen Sneed ("Plaintiff" or "Mr. Sneed"), will hereby move the Court for an Order Granting Plaintiff's Motion for Leave to File a Third Amended Complaint and to Modify Case Schedule.

Plaintiff's Motion for Leave to File a Third Amended Complaint and to Modify Case Schedule, is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Bahar Sodaify, other matters of which this Court may take judicial notice, the records on file with this Court, and further briefing or argument presented to the Court before or at the time of the hearing in this matter.

## STATEMENT OF THE ISSUES TO BE DECIDED

Whether the Court should grant Plaintiff leave to file the Third Amended Complaint to (1) substitute Plaintiff Stephen Sneed with new plaintiffs and proposed class representatives Pamela Wilt, Vaidehi Patankar, and Shirley Won because Mr. Sneed is unable to continue serving as a named plaintiff and class representative or sit for deposition as a result of an unforeseen injury and related medical issues, and to incorporate the limited factual amendments shown in Exhibits 1 and 2 to the Declaration of Bahar Sodaify; and (2) modify the case schedule by extending the approaching class-certification briefing deadlines and related deadlines to allow sufficient time to depose the newly added plaintiffs, depose Defendant's Rule 30(b)(6) witnesses whom Defendant has refused to produce before Plaintiff's deposition, and adequately prepare for class-certification briefing.

DATED: November 17, 2025                   **CLARKSON LAW FIRM, P.C.**

                                           By: */s/ Bahar Sodaify*
                                           Ryan J. Clarkson
                                           Bahar Sodaify
                                           Cassandra Rasmussen
                                           Jiaming Zheng
                                           *Attorneys for Plaintiff*

---

[1] Plaintiff will be filing an administrative motion to shorten the briefing and hearing dates associated with this Motion.

# TABLE OF CONTENTS

**Page No**

I. INTRODUCTION ................................................................................................................. 1

II. PROCEDURAL BACKGROUND AND COUNSEL'S DILIGENCE ................................. 2

III. LEGAL STANDARD ........................................................................................................... 5

IV. ARGUMENT ........................................................................................................................ 6

    A. There Is Good Cause To Grant Amendment For Substitution ..................................... 6

        1. Plaintiff has demonstrated diligence................................................................ 7

        2. Plaintiff seeks substitution in good faith ......................................................... 9

        3. No prejudice to Defendant............................................................................. 10

    B. Amendment Is Not Futile............................................................................................ 12

    C. There Is Good Cause To Modify The Case Schedule ................................................ 13

V. CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page No.**

*AbCellera Biologics Inc. v. Berkeley Lights, Inc.*,
   No. 20-cv-08624-LHK, 20-cv-08626-LHK, 20-cv-08627-LHK,
   2021 WL 2719264 (N.D. Cal. July 1, 2021) ................................................................................ 12

*Aguilar v. Boulder Brands, Inc.*,
   No. 3:12-CV-01862-BTM,
   2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) ................................................................. 6, 7, 8, 10

*Barahona v. Union Pac. R.R. Co.*,
   881 F.3d 1122 (9th Cir. 2018) ................................................................................................. 12

*Bates v. Leprino Foods Co.*,
   No. 2:20-CV-00700-AWI-BAM,
   2022 WL 3371584 (E.D. Cal. Aug. 16, 2022)_ ............................................................................ 8

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ................................................................................................ 9, 11

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ................................................................................................. 11

*Genentech, Inc. v. Abbott Labs.*,
   127 F.R.D. 529 (N.D. Cal. 1989) ............................................................................................. 12

*Griggs v. Pace American Group, Inc.*,
   170 F.3d 877 (9th Cir. 1999) ................................................................................................... 10

*Heath v. Google Inc.*,
   No. 15-cv-01824-BLF,
   2016 WL 4070135 (N.D. Cal. July 29, 2016) ............................................................................. 6

*Hinojos v. Kohl's Corp.*,
   No. 2:10-cv-07590-ODE,
   2013 WL 5835780 (C.D. Cal. Oct. 29, 2013) .......................................................................... 8, 9

*Howey v. United States*,
   481 F.2d 1187 (9th Cir. 1973) ................................................................................................... 9

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
   715 F.3d 716 (9th Cir. 2013) ..................................................................................................... 5

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ......................................................................................... 5, 6, 7, 13

*Jones v. County of Sacramento*,
   No. 2:12-cv-01141 TLN CKD,
   2014 WL 2918850 (E.D. Cal. June 25, 2014) .......................................................................... 7, 8

*McFall v. Stacy & Witbeck, Inc.*,
   No. 14-cv-04150-JSC,
   2016 WL 2851589 (N.D. Cal. May 16, 2016) .................................................................. 9, 11, 13

Case No. 4:23-cv-5443-JST                             iii
PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND MODIFY CASE SCHEDULE

*Oneok, Inc. v. Learjet, Inc.*,
    135 S. Ct. 1591 (2015)............................................................................................................5

*PNY Techs., Inc. v. SanDisk Corp.*,
    No. 11-CV-04689-WHO,
    2014 WL 294855 (N.D. Cal. Jan. 27, 2014)............................................................10, 11, 12

*Pons v. Walter Kidde Portable Equip. Inc.*,
    No. 23-cv-03436-MMC,
    2024 U.S. Dist. LEXIS 100191 (N.D. Cal. June 5, 2024)......................................................7

*Rice-Sherman v. Big Heart Pet Brand, Inc.*,
    No. 19-cv-03613-WHO,
    2020 WL 5893444 (N.D. Cal. Oct. 5, 2020) ..............................................................6, 9, 12

*Salazar v. Victoria's Secret & Co.*,
    No. 23-cv-06654-MMC,
    2025 U.S. Dist. LEXIS 121990 (N.D. Cal. June 26, 2025)....................................................7

*Sorosky v. Burroughs Corp.*,
    826 F.2d 794 (9th Cir. 1987)................................................................................................10

*Thomas v. San Francisco Travel Ass'n*,
    No. 14-cv-03043-YGR,
    2016 WL 861239 (N.D. Cal. Mar. 7, 2016) ..........................................................................5

*Thornton v. McClatchy Newspapers, Inc.*,
    261 F.3d 789 (9th Cir. 2001).................................................................................................9

*Yates v. Auto City 76*,
    299 F.R.D. 611 (N.D. Cal. 2013) ........................................................................................11

**Federal Statutes**

Fed. R. Civ. P. 15...........................................................................................................5, 6, 10, 11

Fed. R. Civ. P. 16............................................................................................................5, 6, 7, 13

Case No. 4:23-cv-5443-JST                                    iv
PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND MODIFY
CASE SCHEDULE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Stephen Sneed brought this action against Defendant Procter & Gamble, alleging that its ZzzQuil Nighttime Sleep Aids are deceptively advertised as "non-habit forming," despite containing Diphenhydramine, an active ingredient known to cause habitual use.

For the past two years, Plaintiff Mr. Sneed has diligently prosecuted this matter, including in connection with the preparation of pleadings and discovery. Unfortunately, due to a recent injury, he is no longer able to continue serving as class representative, including traveling or sitting for deposition. To ensure the putative class remains adequately represented, Plaintiff's counsel promptly identified and vetted three qualified replacements: Vaidehi Patankar, Pamela Wilt, and Shirley Won.

Plaintiff now seeks leave to file a Third Amended Complaint ("TAC") to substitute Vaidehi Patankar, Pamela Wilt, and Shirley Won for Mr. Sneed. No other changes are proposed. Good cause exists under Federal Rules of Civil Procedure 15 and 16 to grant this motion. Courts in this District and others routinely permit substitution of class representatives when the original representative is unable to continue, including for medical reasons.

Plaintiff's counsel has acted diligently and in good faith since learning that Mr. Sneed's injury prevents him from continuing his participation in this matter. Upon receiving that information, counsel promptly identified and vetted three suitable replacements to ensure continuous and adequate representation of the proposed class, notified Defendant's counsel, and sought a stipulation to substitute the new representatives and amend the complaint, which Defendant declined. Plaintiff's counsel then prepared and filed this motion without delay.

Substitution will not prejudice Defendant. The proposed new class representatives assert the same causes of action based on the same operative facts, challenge the same conduct, and seek the same relief as Mr. Sneed. They have each confirmed their willingness to participate fully in discovery, including responding to written discovery and appearing for deposition. To further minimize any burden, the new class representatives will proactively provide Defendant with

Case No. 4:23-cv-5443-JST                                     1
PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND MODIFY CASE SCHEDULE

complete responses based on the requests already propounded on Mr. Sneed, which eliminates any need for Defendant to draft or serve duplicative discovery.

Nor can Defendant credibly claim prejudice given the procedural posture of the case. Discovery is still in its early stages; no party depositions have been taken, fact discovery remains open, and no class certification motion has yet been filed. Substitution will not require Defendant to redo any work, revisit any motion practice, or alter any litigation strategy. To the extent additional time is needed to depose the new plaintiffs or to finally produce Defendant's own Rule 30(b)(6) witnesses, whose depositions Defendant has thus far refused to provide, Plaintiff seeks a modest and reasonable adjustment of the case deadlines. Providing adequate time between the completion of depositions and the filing of class certification briefing will only benefit Defendant, and the Court, by ensuring a full record.

Granting substitution also advances the interests of the putative class and promotes judicial economy. Courts consistently recognize that allowing new class representatives to step in when the original representative becomes unavailable or unable to serve is not only appropriate but necessary to prevent the needless duplication of litigation. Denying substitution would risk forcing multiple parallel actions raising identical claims, an outcome that would prejudice the class, waste judicial resources, and serve no legitimate interest of Defendant.

Because substitution will not cause undue delay, impose additional burdens on Defendant, or alter the substance of the case, and because it ensures that the putative class retains adequate representation, the Court should grant Plaintiff's motion.

## II. PROCEDURAL BACKGROUND AND COUNSEL'S DILIGENCE

Plaintiff filed this class action on October 23, 2023. ECF No. 1. On January 26, 2024, Plaintiff filed his First Amended Complaint. ECF No. 23. Defendant moved to dismiss on February 9, 2024. ECF No. 24. On August 19, 2024, the Court granted in part and denied in part Defendant's motion, granting leave to amend all dismissed claims except those brought under New York law. ECF No. 45. Plaintiff promptly filed the Second Amended Complaint on September 16, 2024, which remains the operative complaint. ECF No. 47. Defendant again moved to dismiss on October 18, 2024. ECF No. 52. On April 4, 2025, the Court denied Defendant's motion in full. ECF No. 66.

The parties have proceeded diligently through discovery and case management. They held their Rule 26(f) conference on July 29, 2024, exchanged initial disclosures on August 12, 2024, and filed a Joint Case Management Statement on April 1, 2025. ECF No. 65. The Court issued a Scheduling Order on April 9, 2025, setting the deadline to amend pleadings for June 6, 2025. ECF No. 68. Defendant filed its Answer on April 18, 2025. ECF No. 70.

In June 2025, Plaintiff sought a stipulation from Defendant to substitute a new class representative into the case in place of Plaintiff Nickolas Cannon, who was unable to continue to serve as class representative and withdrew from the case. *See* Declaration of Bahar Sodaify ("Sodaify Decl.") ¶ 4. Plaintiff's counsel was concerned about being left without a plaintiff should something unexpected occur that might cause the one remaining Plaintiff, Mr. Sneed, to be unable to continue serving. *Id*. Defendant refused to stipulate. *Id*.

On September 5, 2025, Plaintiff served a Rule 30(b)(6) deposition notice on Defendant for October 7, 2025. *See* Sodaify Decl. ¶ 2. On September 11, 2025, the Court ordered Defendant to substantially complete document production by September 19, 2025. ECF No. 86. On September 23, 2025, Defendant identified two Rule 30(b)(6) designees and proposed deposition dates of October 23 and October 30, 2025, but stated that it would not present its 30(b)(6) witnesses for deposition until Plaintiff had been deposed. *See* Sodaify Decl. ¶ 2. These dates were later postponed, in part due to scheduling conflicts. *Id*.

On October 1, 2025, the parties filed a joint stipulation to continue class certification deadlines. ECF No. 87. Under the revised schedule, Plaintiff's class certification motion is due December 8, 2025; Defendant's opposition and expert disclosures are due February 23, 2026; expert discovery closes April 7, 2026; and Defendant's reply is due June 2, 2026. *Id*.

On October 2, 2025, Defendant requested to move one of its witness depositions to November. Sodaify Decl. ¶ 2. Plaintiff suggested both depositions be held back-to-back in November to be more efficient. *Id*.

Throughout this process, Mr. Sneed diligently fulfilled his responsibilities as class representative and assisted counsel in preparing pleadings and discovery. Sodaify Decl. ¶ 3. On October 6, 2025, Mr. Sneed notified counsel that he had sustained an injury requiring surgery. *Id*.

at ¶ 4. Plaintiff's counsel immediately informed Defendant on October 8, 2025, explaining that Mr. Sneed's October 14 deposition would need to be rescheduled as a result. *Id*. at ¶ 5. On October 9, 2025, Defendant responded that it would not produce its own witnesses for the Rule 30(b)(6) deposition until after Mr. Sneed's deposition occurred. *Id*.

Plaintiff's counsel continued to communicate regularly with both Mr. Sneed and Defendant to manage scheduling in good faith. Sodaify Decl. ¶ 6. On October 16, 2025, Plaintiff's counsel informed Defendant that they were working to obtain new dates from Mr. Sneed, who was still recovering from his injury. *Id*. On October 22, 2025, Defendant served a deposition notice unilaterally scheduling Mr. Sneed's deposition for November 19, 2025, and again stated that it would not present its witnesses until after Mr. Sneed had been deposed. *Id*.

Plaintiff's counsel promptly reiterated to Defendant that they were actively working to coordinate dates with Mr. Sneed, who remained under medical care, and expressed their continued willingness to adjust the deposition schedule to avoid conflicts or delays for either party. Sodaify Decl. ¶ 7. Counsel also continued following up with Mr. Sneed to discuss the newly noticed deposition and confirm his availability. *Id*. During these communications, Mr. Sneed explained that his medical condition had not improved and that he was unable to confirm any deposition dates at the time as a result. *Id*. at ¶ 7–8.

After further discussions, it became clear that Mr. Sneed's injury would prevent him from continuing to serve as class representative. *Id*. ¶ 7. Plaintiff's counsel immediately began identifying and vetting suitable replacements. *Id*. Plaintiff's counsel identified three suitable new representatives: Shirley Won, Pamela Wilt, and Vaidehi Patankar. *Id*. at ¶ 9.

While Plaintiff's counsel were in discussions with the new proposed representatives, Defendant emailed Plaintiff on November 10, 2025 to confirm whether Mr. Sneed would be appearing for the noticed deposition. *Id*. at ¶ 10. Plaintiff's counsel responded to Defendant that same day to let them know that Mr. Sneed would no longer be able to continue serving as a class representative due to his injury and related medical issues, but that Plaintiff's counsel had identified suitable new representatives. *Id*. Plaintiff's counsel requested that Defendant stipulate to substitution and a modification of the current class certification schedule. *Id*. Defendant declined to

stipulate. *Id*. at ¶ 11. Plaintiff responded with an email that explained why they have good cause for substitution and amendment, including the strong precedents in favor. *Id*. at ¶ 11. Plaintiff also served Defendant with a formal objection to the unilaterally noticed deposition of Mr. Sneed, reiterating that Mr. Sneed is unable to continue to serve as the class representative and appear for deposition due to his injury. *Id*. Plaintiff further advised that, if necessary, he would file a motion for protective order regarding the deposition. *Id*.

Having acted promptly and diligently, and in the face of Defendant's refusal to stipulate to this reasonable accommodation, Plaintiff now respectfully moves for leave to file a Third Amended Complaint to substitute the new representatives and modify the current schedule.

## III.   LEGAL STANDARD

As the deadline to amend pleadings has expired, the Court must first determine whether Plaintiff has shown "good cause" under Federal Rule of Civil Procedure 16(b)(4) to amend the complaint to substitute the new representatives and to modify the case schedule. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Once good cause is shown, the Court then turns to the more liberal standard of Rule 15(a) to determine whether leave to amend should be granted. *Thomas v. San Francisco Travel Ass'n*, No. 14-cv-03043-YGR, 2016 WL 861239, at *2 (N.D. Cal. Mar. 7, 2016).

Under Ninth Circuit precedent, the focus of Rule 16(b)'s "good cause" inquiry is the diligence of the party seeking amendment:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. — *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

If good cause is established, the Court next evaluates the motion under Rule 15(a), which provides that leave to amend should be "freely given when justice so requires." Because Rule

16(b)'s diligence inquiry overlaps with several Rule 15(a) factors (including bad faith, undue delay, and prejudice), courts in this District routinely grant leave to amend once diligence is demonstrated, denying leave only where amendment would be futile. *Heath v. Google Inc.*, No. 15-cv-01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016). In sum, the analysis proceeds in two steps: (1) whether Plaintiff has shown diligence and thus good cause under Rule 16(b) to support amendment; and, if so, (2) whether amendment should be permitted under the liberal Rule 15(a) standard. Both standards are readily satisfied here.

## IV.   ARGUMENT

### A.   There Is Good Cause To Grant Amendment For Substitution

Good cause exists to grant amendment to substitute Plaintiff because Plaintiff's counsel acted promptly, diligently, and in good faith once it became apparent that Mr. Sneed could no longer serve as class representative. *See Johnson*, 975 F.2d, at 607, 609 (the primary focus of the good cause inquiry is the diligence of the party seeking modification). The requested amendment seeks only to substitute new class representatives to ensure uninterrupted representation of the putative class; it adds no new claims, theories of liability, or factual allegations.

The circumstances giving rise to this motion, Mr. Sneed's sudden and serious injury, were entirely beyond Plaintiff's control, and counsel's swift response satisfies the diligence standard required under Rule 16(b). *See Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *10 (S.D. Cal. Sept. 2, 2014) ("Plaintiff argues that good cause exists because Ms. Aguilar's health issues and her son's health issues are outside her control, but substantially burden her ability to represent the interests of the class. . . . The Court finds that Plaintiff and her counsel were diligent in responding to an event outside their control. . . . Accordingly, the Court finds that good cause exists to modify the scheduling order and permit Plaintiff's motion [to amend the complaint to replace the named plaintiff] to move forward.").

The Ninth Circuit and district courts within this Circuit routinely permit substitution of a named plaintiff prior to class certification when the case or controversy remains live and counsel promptly identifies a replacement. *See, e.g., Rice-Sherman v. Big Heart Pet Brand, Inc.*, No. 19-cv-03613-WHO, 2020 WL 5893444 (N.D. Cal. Oct. 5, 2020) (granting substitution where named

plaintiff became unresponsive); *Pons v. Walter Kidde Portable Equip. Inc.*, No. 23-cv-03436-MMC, 2024 WL 2852196 (N.D. Cal. June 5, 2024) (granting leave to substitute named plaintiff who "is experiencing health issues" and is "no longer able to adequately serve as a class representative."); *Salazar v. Victoria's Secret & Co.*, No. 23-cv-06654-MMC, 2025 2025 WL 1771435 (N.D. Cal. June 26, 2025) (granting leave to replace named plaintiff due to "unforeseen health concerns."). Although *Pons* and *Salazar* were analyzed under Rule 15 rather than Rule 16, they are persuasive in demonstrating that substitution of a class representative before certification is neither in bad faith nor inherently prejudicial. The same rationale applies here: Plaintiff seeks only to maintain continuity of representation for the class, and doing so will conserve judicial and party resources.

Plaintiff's counsel has shown precisely the type of diligence and good faith contemplated by Rule 16(b)'s "good cause" standard. Mr. Sneed's unexpected medical condition was outside his control, and counsel responded immediately and effectively to ensure that the case could continue seamlessly on behalf of the putative class.

### 1. *Plaintiff has demonstrated diligence*

Diligence is the "primary consideration" under Rule 16(b). *Johnson*, 975 F.2d, at 607, 609. In assessing diligence, the focus of a court's inquiry is on "the reasons why the moving party seeks to modify the complaint," and on whether good reason has been presented for the delay in filing. *Jones v. County of Sacramento*, No. 2:12-cv-01141 TLN CKD, 2014 WL 2918850, at *5 (E.D. Cal. June 25, 2014). Here, Plaintiff's counsel acted immediately once they learned of Mr. Sneed's medical condition.

At every stage, and with every development, Plaintiff worked diligently and promptly to address the matter at hand and to communicate with defense counsel. Sodaify Decl. at ¶ 5–6. Once Mr. Sneed notified counsel that he had sustained an injury requiring surgery (October 6), Plaintiff's counsel promptly (October 8) notified Defendant of Mr. Sneed's injury and explained that Mr. Sneed's October 14 deposition would need to be rescheduled as a result. Sodaify Decl. at ¶ 4–5; *see Aguilar*, 2014 WL 4352169, at *10 (court found diligence satisfied with a similar timeline: plaintiff's counsel informed defendants of class representative's inability to continue serving due to

emergent health concerns one week after plaintiff's counsel was informed of such by plaintiff). On October 16, counsel informed Defendant that they were working to obtain new dates from Mr. Sneed, who was still recovering from his injury. Sodaify Decl. at ¶ 6. On October 22, Defendant unilaterally noticed Mr. Sneed's deposition for November 19, 2025, at which point Plaintiff's counsel promptly reiterated to Defendant that they were actively working to coordinate dates with Mr. Sneed, who remained under medical care, and expressed their continued willingness to adjust the deposition schedule to avoid conflicts or delays for either party. *Id.* ¶ 6–7. Counsel also continued following up with Mr. Sneed to discuss the newly noticed deposition and confirm his availability. *Id*. The timeline clearly indicates Plaintiff's diligence in prosecuting the case, with "good reason" for the time it took for Plaintiff to identify suitable replacement class representatives and then move to amend the Complaint accordingly. *See Jones*, 2014 WL 2918850, at *5 (finding that despite waiting nine to thirteen months to file for amending complaints, plaintiff had "presented good reason for the delay in filing."); *see Aguilar*, 2014 WL 4352169, at *10; *Hinojos v. Kohl's Corp.*, No. 2:10-cv-07590-ODE, 2013 WL 5835780, at *2 (C.D. Cal. Oct. 29, 2013) (allowing amendment to replace ill class representative even though it took plaintiff three months to do so because plaintiff's "counsel was sufficiently diligent in securing replacement class representatives and seeking leave to amend the complaint"); *Bates v. Leprino Foods Co.*, No. 2:20-CV-00700-AWI-BAM, 2022 WL 3371584, at *3 (E.D. Cal. Aug. 16, 2022) (diligence satisfied where plaintiff brought motion to substitute "only several weeks" after it became apparent that "his new employment significantly limited his time, including the time he can spend further pursuing this case.").

Plaintiff's conduct mirrors diligence found sufficient in *Aguilar*, where unforeseen medical circumstances arose after key deadlines, but plaintiff's counsel responded diligently and in good faith to events beyond their control. *Aguilar*, 2014 WL 4352169, at *10 (plaintiff could not have foreseen her family's health concerns, which prevented her from continuing to serve as class representative, and therefore merited amendment of the complaint to replace her with a new named plaintiff). Counsel's efforts—including outreach campaigns—produced a suitable substitute within weeks. Sodaify Decl. at ¶ 8. Upon identification and confirmation of new representatives, counsel

informed Defendant and requested that it stipulate to substitution. Sodaify Decl. at ¶ 10; *see Hinojos v. Kohl's Corp.*, No. 2:10-cv-07590-ODE, 2013 WL 5835780, at *2 (C.D. Cal. Oct. 29, 2013) (diligence found where counsel required several months to secure replacement plaintiff). That the proposed amendment merely substitutes a plaintiff with new representatives, without altering claims or theories, further supports a finding of good cause. *Rice-Sherman*, 2020 WL 5893444, at *3.

### 2. *Plaintiff seeks substitution in good faith*

Plaintiff and his counsel have acted in good faith, promptly informing Defendant of Mr. Sneed's medical condition, communicating about scheduling, and diligently seeking a qualified replacement with the sole purpose of ensuring that the putative class continues to have adequate and active representation. Sodaify Decl. at ¶¶ 6–7, 9–10. Plaintiff has made every effort to find a substitute class representative in a timely manner, and to avoid prejudice to Defendant. *Id*. at 8–9. All of this points to Plaintiff's evident good faith. *See McFall v. Stacy & Witbeck, Inc.*, No. 14-cv-04150-JSC, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016) (quoting *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973)) ("Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion."). Where there is no evidence of bad faith, courts should find that parties have acted in good faith. *See, e.g., DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").

Bad faith may be found where a party has demonstrated a "history of dilatory tactics." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). Such is not the case here. Rather, Mr. Sneed and his counsel have been dedicated to litigating this matter, and only recent and serious injury has made it physically impossible for Mr. Sneed to travel or sit for deposition, thus preventing him from continuing to fulfill the duties expected of a class representative. Sodaify Decl. at ¶¶ 3–5, 8. As soon as this became apparent, counsel took immediate steps to minimize disruption to the case—notifying Defendant of Mr. Sneed's unavailability, and initiating a broad and efficient search for suitable substitute plaintiffs. *Id*. at 8; *see, e.g., DCD Programs, Ltd.*, 833 F.2d at 187 (finding that there was not "unjust delay" and therefore no evidence of bad faith when

defendants moved to add an additional defendant while a case was still in its early stages). Once counsel identified qualified replacements, they promptly requested to meet and confer with Defendant regarding stipulation to amend, in an effort to avoid burdening the Court with unnecessary motion practice. Sodaify Decl. at ¶ 10. Defendant declined to stipulate, leaving Plaintiff no choice but to seek leave of Court. *Id*. at 11.

Courts find bad faith where a proposed amendment is futile, legally baseless, or transparently designed to prolong litigation or manipulate jurisdiction. *See*, *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (bad faith where amendment could not cure defects and would merely delay dismissal); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (bad faith where amendment sought "to destroy diversity and to destroy the jurisdiction of this court"). None of those concerns are present here. Plaintiff is not seeking to add new theories, alter the nature of the case, evade an adverse ruling, or prolong litigation. The request is a narrow, procedural substitution intended solely to maintain continuity and ensure adequate representation of the putative class.

The record affirmatively demonstrates Plaintiff's good faith. The Second Amended Complaint has already survived a motion to dismiss, confirming the viability of the claims and eliminating any need for Plaintiff to substantively amend the complaint. ECF 66. The sole purpose of the proposed Third Amended Complaint is to substitute individuals who can continue to serve as class representatives, not to reshape the claims or gain a tactical advantage.

Denying substitution would generate precisely the kind of inefficiency that Rule 15 is designed to prevent. Without substitution, Plaintiff's counsel would simply refile an identical case on behalf of the proposed new representatives, resulting in duplicative litigation and unnecessary expenditure of judicial and party resources. As the *Aguilar* court recognized, "[f]ailing to allow substitution at this point would merely require the filing of a new case and would waste the resources of both the parties and the judiciary." *Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at 10.

### 3. No prejudice to Defendant

Under 15(a) analysis, the consideration of prejudice to Defendant carries the biggest weight. *See PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 294855, at *1 (N.D.

Cal. Jan. 27, 2014) ("Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Courts evaluate prejudice by considering factors such as whether discovery cutoffs have passed, whether trial is imminent, and whether amendment would disrupt ongoing proceedings. *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013). None of those factors are present here.

Defendant will suffer no prejudice from substitution in this case. The Ninth Circuit has made clear that prejudice is absent where a case is "still at the discovery stage with no trial date pending." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The same is true here. This action remains in the early phases of litigation: no depositions have been taken, no discovery deadlines have passed, and Plaintiff has not yet moved for class certification. Courts routinely hold that, under such circumstances, substitution does not disrupt the litigation or impose any meaningful burden on the opposing party. *See, e.g.*, *PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 294855, at *5 (N.D. Cal. Jan. 27, 2014) (finding no prejudice where fact discovery remained open for four months).While deadlines will need to be pushed out to accommodate discovery and the deposition of the new representatives, this postponement of dates is not prejudicial to Defendant, and there would be "good cause" to do so. *See McFall v. Stacy & Witbeck, Inc.*, No. 14-cv-04150-JSC, 2016 WL 2851589, at *4 (May 16, 2016) ("Given that the Court has granted Plaintiff's motion to amend the complaint to add a new party and claim for relief, there is necessarily good cause to amend the scheduling order with respect to the case management deadlines."). Indeed, before Mr. Sneed's injury, Defendant itself requested to move its October depositions to November, and the parties jointly stipulated to extending class certification and related deadlines by several months. *See* Sodaify Decl. ¶ 2; ECF 68; ECF 87. And the inclusion of three new named plaintiffs mitigates the risk of a similar unexpected incident occurring in the future that may prevent a single named plaintiff from being unable to continue serving, which ultimately protects judicial efficiency and minimizes the risk of prejudice to Defendant.

Furthermore, Plaintiff will affirmatively provide discovery responses for the new representatives based upon the discovery requests Defendant propounded upon Mr. Sneed, in order

to further avoid any potential for prejudice. The discovery requests served on the new representatives are also likely to be practically identical to those that would have been served on Mr. Sneed, as the new representatives make, and intend to represent the proposed class, with the identical claims. *Id*. The operative claims, factual allegations, and legal theories remain unchanged—the amendment merely substitutes class representatives to allow the case to continue efficiently and fairly. But even if Defendant chooses to conduct limited additional discovery specific to the new representatives, that alone is insufficient to establish prejudice. Courts in this Circuit routinely hold that "the prospect of additional discovery needed by the non-moving party" does not "in itself constitute a sufficient showing of prejudice. *PNY Techs., Inc. v. SanDisk Corp*., No. 11-CV-04689-WHO, 2014 WL 294855, at *5 (N.D. Cal. Jan. 27, 2014); *see also Genentech, Inc. v. Abbott Labs*., 127 F.R.D. 529, 531 (N.D. Cal. 1989) ("Defendant asserts that the addition of the amendments in issue would require it to depose numerous witnesses across the country who have been previously questioned and would necessitate additional document searches and written discovery. . . . Such delays do not constitute undue prejudice to the defendant."). Moreover, the proposed new representatives have agreed to appear for depositions. Sodaify Decl. ¶ 9. This willingness ensures continuity and eliminates unnecessary delay.

Substitution therefore imposes little to no burden on Defendant and in fact promotes judicial economy. Denying substitution would result only in needless duplication, requiring the filing of a new case asserting identical claims—a result contrary to the interests of efficiency and fairness.

### B.     Amendment Is Not Futile

A proposed amendment is "futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See Barahona v. Union Pac. R.R. Co.* 881 F.3d 1122, 1134 (9th Cir. 2018); *see also Rice-Sherman v. Big Heart Pet Brand, Inc.*, 2020 WL 5893444, at *4 (N.D. Cal. Oct. 2020). Plaintiff's amended complaint would be far from futile; as it is, Plaintiff's Second Amended Complaint has already survived Defendant's motion to dismiss it in its entirety. ECF No. 66; *see AbCellera Biologics Inc. v. Berkeley Lights, Inc.*, No. 20-cv-08624-LHK, 20-cv-08626-LHK, 20-cv-08627-LHK, 2021 WL 2719264, at *6 (N.D. Cal. July 1, 2021)( "[D]enial of a motion for leave to amend on the ground of futility is rare

and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Amendment does not add, change or alter any of the causes of action, nor will it change the theory of the case as pled in the operative (Second Amended) complaint. Nor does it introduce allegedly preempted or otherwise barred claims—the sort of contention that generally leads the court to conduct a futility analysis. *See, e.g. id*. The new representatives assert the same claims as Mr. Sneed. Thus, the amendment will not be futile.

### C. There Is Good Cause To Modify The Case Schedule

Under Rule 16, a scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b). Courts focus primarily on the moving party's diligence and any prejudice to the opposing party. *McFall v. Stacy & Witbeck, Inc.*, 2016 WL 2851589, at *4 (N.D. Cal. May 16, 2016). Good cause exists where a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts routinely find good cause to extend schedules where amendments add new parties. *See McFall*, 2016 WL 285158, at *4 (granting schedule modification after amendment to add new party). The same rationale for a finding of good cause applies here.

Although discovery remains in its early stages, the December 8, 2025 class certification deadline is rapidly approaching. ECF No. 87. Plaintiff has acted diligently to replace Mr. Sneed with three new class representatives and to ensure a seamless transition, but it is not feasible to prepare the class certification motion by the current deadline given the depositions and discovery needed to occur beforehand. Sodaify Decl. ¶ 5–10. In addition to taking the deposition of each of the three new representatives, the parties must also complete Defendant's long-delayed Rule 30(b)(6) depositions, which Defendant has stated it will not produce until after Plaintiff's deposition. The Rule 30(b)(6) depositions are central to class certification because they will address Defendant's policies, practices, marketing and labeling decisions, consumer research, sales data, and knowledge regarding diphenhydramine—all issues relevant to establishing class-wide proof. This testimony will help determine whether the challenged statements were uniform across the class period and whether common evidence can establish liability and damages.

There is currently no realistic timeline for completing all of these critical depositions, reviewing the resulting testimony, and preparing class certification briefing. This compressed schedule makes it impossible for Plaintiff to meet the current deadline despite diligent efforts, prejudicing Plaintiff and the putative class.

Therefore, Plaintiff moves to amend the class certification briefing and related deadlines as follows:

| Event | Current Date (ECF No. 88) | Continued Date |
|---|---|---|
| Class certification motion and Plaintiffs' class certification expert disclosures due | December 8, 2025 | March 17, 2026 |
| Class certification opposition and Defendant's class certification expert disclosures due | February 23, 2026 | June 2, 2026 |
| Class certification expert discovery cut-off | April 7, 2026 | July 14, 2026 |
| Class certification reply due | June 2, 2026 | September 8, 2026 |
| Class certification hearing | None | September 24, 2026 |

V.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Third Amended Class Action Complaint, attached as Exhibit 1 to the Declaration of Bahar Sodaify, and approve the requested modification of the case schedule.

DATED: November 17, 2025

**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify
    Cassandra Rasmussen
    Jiaming Zheng

*Attorneys for Plaintiff*