**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
Cassandra Rasmussen (*PHV forthcoming*)
*crasmussen@clarksonlawfirm.com*
Jiaming Zheng (SBN 363184)
*jzheng@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SNEED, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>THE PROCTER & GAMBLE COMPANY,<br>　　　　　　　Defendant. | Case No. 4:23-cv-5443-JST<br>Complaint Filed: October 23, 2023<br>FAC Filed: January 26, 2024<br>SAC Filed: September 16, 2024<br><br>*Assigned for all purposes to Hon. Jon S. Tigar*<br><br>**DECLARATION OF BAHAR SODAIFY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND TO MODIFY CASE SCHEDULE**<br><br>Hearing Information:<br>Date:　　　　January 29, 2026<br>Time:　　　　2:00 P.M.<br>Courtroom:　6, 2nd Fl |

# DECLARATION OF BAHAR SODAIFY

I, Bahar Sodaify, hereby declare under penalty of perjury.

1. I am a partner at Clarkson Law Firm, P.C. and counsel of record for Plaintiff Stephen Sneed ("Mr. Sneed") in this action. I am admitted to practice law in the State of California and before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify with respect thereto. I submit this Declaration in support of the Plaintiff's Motion for Leave to File a Third Amended Complaint and to Modify Case Schedule.

2. In September and October 2025, I corresponded with Defendant's counsel regarding deposition scheduling. On September 5, 2025, Plaintiff served a Rule 30(b)(6) deposition notice on Defendant for October 7, 2025. On September 23, 2025, Defendant identified two Rule 30(b)(6) witnesses and proposed deposition dates of October 23 and October 30, 2025. Then, on October 2, 2025, Defendant requested that one of the depositions be moved to November due to a scheduling conflict. Plaintiff cooperated and proposed that both depositions be conducted back-to-back in November to promote efficiency.

3. Mr. Sneed has served as a diligent and committed class representative and named Plaintiff for more than two years. Throughout the litigation, he has actively participated in the preparation of pleadings and discovery and has consistently made himself available to assist his counsel. He has repeatedly expressed his strong commitment to pursuing this case not only on his own behalf but on behalf of the many consumers who were similarly misled by the "non-habit forming" statement on Defendant's product packaging.

4. After the other named Plaintiff on this case, Nickolas Cannon, was unable to serve and withdrew from the case, Plaintiff sought a stipulation from Defendant in June 2025 to replace him with a new plaintiff. Plaintiff's counsel was concerned about what might happen if the one remaining named Plaintiff, Mr. Sneed, unexpectedly became unable to continue serving as a class representative. Defendant refused to stipulate. Unfortunately, on October 6, 2025, Mr. Sneed notified Plaintiff's counsel that he had sustained an injury requiring surgery.

5. On October 8, 2025, Plaintiff's counsel informed Defendant that Mr. Sneed would be unable to sit for his October 14, 2025 deposition due to an injury requiring surgery, and the deposition would need to be rescheduled as a result. On October 9, 2025, Defendant responded that it would not produce its own witnesses for the Rule 30(b)(6) deposition until after Mr. Sneed's deposition occurred.

6. Plaintiff's counsel continued to communicate regularly with both Mr. Sneed and Defendant about scheduling depositions. On October 16, 2025, Plaintiff's counsel informed Defendant that they were working to obtain new dates from Mr. Sneed. On October 22, 2025, Defendant unilaterally noticed Mr. Sneed's deposition for November 19, 2025. Defendant again stated that it would not present its Rule 30(b)(6) witnesses until after Mr. Sneed had been deposed.

7. Plaintiff's counsel promptly responded to Defendant that we were actively working to coordinate dates with Mr. Sneed, who remained under medical care, and expressed our continued willingness to adjust the deposition schedule to avoid conflicts or delays for either party. Counsel also continued following up with Mr. Sneed to discuss the newly noticed deposition and confirm his availability. During these communications, Mr. Sneed explained that his medical condition had not improved and that he was unable to confirm any deposition dates at the time.

8. After further discussions, it became clear that Mr. Sneed's injury would prevent him from sitting for deposition and continuing to serve as class representative. Plaintiff's counsel immediately began identifying and vetting suitable replacements and engaging in outreach campaigns. Finding a replacement class representative was a top priority.

9. Plaintiff's counsel identified three qualified new representatives: Shirley Won, Pamela Wilt, and Vaidehi Patankar. All three expressed their dedication to representing the proposed class, and have experiences that fit squarely into the claims and allegations already in the operative complaint. All three also stated that they are ready and able to perform class representative duties, including, engaging in discovery and deposition.

10. When Defendant reached out to Plaintiff's counsel on November 10 to ask whether Mr. Sneed would be able to attend the unilaterally noticed November 19 deposition, Plaintiff's counsel was still in the process of finalizing which individuals would substitute Mr. Sneed as class

representative. Plaintiff's counsel responded the same day (November 10) to let Defendant know that Mr. Sneed "is unable to sit for deposition or continue serving as class representative due to injury and related medical issues," but that we had "identified new class representatives we intend to substitute into the case and would like to schedule a call to discuss a stipulation for that substitution." We assured Defendant that "The claims and core allegations will remain the same. There will be no unfair prejudice to P&G, but the class's interests would be harmed if substitution is not permitted." We also requested that Defendant stipulate to a modified class certification schedule to accommodate the depositions of the new plaintiffs as well as Defendant's Rule 30(b)(6) witnesses in preparation for class certification briefing, and requested a meet and confer to discuss the stipulation for leave to amend.

11. On Thursday, November 13, Defendant rejected Plaintiff's request to stipulate to the amended complaint and insisted that, unless Plaintiff immediately agreed to dismiss the case in its entirety, Defendant would "proceed with Mr. Sneed's properly noticed deposition on November 19 to keep the existing case schedule on track." On November 14, Plaintiff responded that dismissal and refiling is unsupported, impractical, and a waste of judicial resources. Plaintiff further explained that courts routinely permit substitution of class representatives, particularly before class certification and where the named plaintiff is facing medical limitations, and cited supporting caselaw demonstrating the strong precedent for the requested amendment. Plaintiff also noted that Defendant had identified no prejudice arising from the proposed substitution. Acknowledging the impasse and Defendant's refusal to stipulate, Plaintiff stated that he would seek relief from the Court. Later that same day, Plaintiff served a formal objection to the unilaterally noticed deposition of Mr. Sneed, reiterating that Mr. Sneed is unable to attend the deposition or continue as class representative due to his injury, and advising that Plaintiff would seek a protective order if necessary.

12. Attached hereto as Exhibit 1 is Plaintiff's proposed Third Amended Class Action Complaint.

13. Attached hereto as Exhibit 2 is a redline version of Plaintiff's proposed Third Amended Class Action Complaint showing the changes made to the complaint.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 17th day of November 2025, at Los Angeles, California.

                                                      */s/ Bahar Sodaify*
                                                      Bahar Sodaify