**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
Cassandra Rasmussen (*pro hac vice forthcoming*)
*crasmussen@clarksonlawfirm.com*
Jiaming Zheng (SBN 363184)
*jzheng@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SNEED, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>        Defendant. | Case No.: 4:23-cv-5443-JST<br><br>Complaint Filed: October 23, 2023<br>FAC Filed: January 26, 2024<br>SAC Filed: September 16, 2024<br><br>**PLAINTIFF STEPHEN SNEED'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**<br><br><u>Hearing Information:</u><br>Date:        January 29, 2026<br>Time:       2:00 p.m.<br>Courtroom:  6 – 2nd Floor |

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**

PLEASE TAKE NOTICE that Plaintiff Stephen Sneed ("Plaintiff" or "Mr. Sneed") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 26(c), for a Protective Order precluding Defendant The Procter & Gamble Company ("Defendant") from taking Mr. Sneed's deposition on November 19, 2025, or at any time, because he is injured and will no longer be serving as a named plaintiff or class representative. Despite being informed that Mr. Sneed cannot attend his deposition due to injury and is withdrawing from the case, Defendant stated that it intends to proceed with the deposition, placing the Parties at an impasse.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Bahar Sodaify, the pleadings on file, the case record, and any other argument or evidence the Court may consider.

DATED: November 18, 2025

CLARKSON LAW FIRM, P.C.

By: /s/ Bahar Sodaify
    Ryan J. Clarkson
    Bahar Sodaify
    Cassandra Rasmussen
    Jiaming Zheng

*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Stephen Sneed brought this action against Defendant Procter & Gamble, alleging that its ZzzQuil Nighttime Sleep Aids are deceptively advertised as "non-habit forming," despite containing Diphenhydramine, an active ingredient known to cause habitual use. For the past two years, Mr. Sneed has diligently prosecuted this matter, assisting in the preparation of pleadings, responding to discovery, and fulfilling every obligation expected of a class representative.

Unfortunately, due to an injury, Mr. Sneed is no longer able to continue serving as class representative, including traveling or sitting for deposition. Plaintiff had hoped that this unforeseen development could be resolved reasonably and without court intervention. Consistent with that goal, and once it became clear that Mr. Sneed could no longer serve as class representative or appear for deposition due to his injury, Plaintiff informed Defendant and indicated there are suitable substitute representatives whose purchase experiences, reliance on Defendant's challenged labeling, and asserted claims are identical to Mr. Sneed's. Plaintiff requested a straightforward stipulation to amend the Second Amended Complaint to seamlessly substitute these new representatives and proposed a modest adjustment to the class certification schedule to allow for the substitution and the related depositions without prejudicing either party.

Defendant rejected these reasonable requests. Instead, Defendant indicated that it will be moving forward with Mr. Sneed's deposition as scheduled on November 19, despite being notified that Mr. Sneed is unable to attend due to his injury and that he is withdrawing as class representative. Defendant's insistence on proceeding with a deposition it knows cannot occur, and its refusal to permit the substitution of representatives, needlessly wastes judicial resources and forces Plaintiff to seek the Court's intervention. To ensure Mr. Sneed is fully protected from undue burden and potential harm, Plaintiff now files this Motion for Protective Order to quash the November 19 deposition notice and to shield Mr. Sneed from any further deposition attempts.

## II.    RELEVANT FACTUAL BACKGROUND

Plaintiff has diligently participated in this litigation for more than two years, including assisting in the preparation of pleadings, responding to written discovery, and fulfilling all

PLAINTIFF STEPHEN SNEED'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

obligations expected of a class representative. *See* Declaration of Bahar Sodaify ("Sodaify Decl.") ¶ 2. The Parties have likewise been actively engaged in discovery and case management following the Court's April 4, 2025 denial of Defendant's motion to dismiss the First Amended Complaint. ECF 66.

In June 2025, Plaintiff sought a stipulation from Defendant to substitute a new class representative in place of a previous plaintiff, Nickolas Cannon, who was unable to continue serving and withdrew from the case. Sodaify Decl. ¶ 3. Plaintiff's counsel explained their concern that, without substitution, Mr. Sneed would remain the sole representative and the case would be at risk should anything unexpected occur. *Id*. Defendant refused to stipulate. *Id*.

On September 5, 2025, Plaintiff served a Rule 30(b)(6) notice on Defendant. *Id.* ¶ 4. On September 23, 2025, Defendant identified two Rule 30(b)(6) designees but stated it would not produce them until after deposing Mr. Sneed. *Id*. Those depositions were later postponed in part due to scheduling conflicts. *Id*. On August 28, 2025, Defendant noticed Plaintiff's deposition for October 14. *Id.* ¶ 5.

On October 6, 2025, Mr. Sneed informed counsel that he had sustained an injury requiring surgery and remained under medical care. *Id*. Plaintiff promptly notified Defendant on October 8 that the October 14 deposition could not proceed. *Id*. On October 22, 2025, Defendant unilaterally noticed Mr. Sneed's deposition for November 19, 2025. *Id*. ¶ 6.

As it became evident that Mr. Sneed would be unable to continue serving as class representative, Plaintiff's counsel began identifying and vetting suitable replacements. *Id*. Counsel ultimately identified three qualified candidates: Shirley Won, Pamela Wilt, and Vaidehi Patankar. *Id*.; ECF 89. On November 10, 2025, Plaintiff informed Defendant that Mr. Sneed could no longer continue as class representative or sit for deposition due to his injury, requested that Defendant stipulate to substituting the new class representatives, and proposed a modest adjustment to the class certification schedule to avoid prejudice to either side. Sodaify Decl. ¶ 7. Defendant declined to stipulate and stated it intended to proceed with the November 19 deposition. *Id*. ¶ 8.

On November 14, Plaintiff served Defendant with a formal objection to the November 19 deposition notice, again notifying Defendant that Mr. Sneed would not be attending due to his injury

and would no longer be serving as class representative. *Id*. ¶ 9. Plaintiff followed with a Motion for Leave to File a Third Amended Complaint and to Modify Case Schedule ("Motion for Leave") on November 17, 2025, once more informing Defendant of these facts. ECF 89.  Although Defendant was notified on November 10, 14, and 17 that Mr. Sneed cannot and will not appear for deposition and is withdrawing as class representative (Sodaify Decl. ¶¶ 7, 9–10), Plaintiff submits this Motion for Protective Order as an additional safeguard.

### III.    LEGAL STANDARD

Under Federal Rule 26(c), a protective order should be granted when the moving party establishes "good cause" and where justice requires the protective order to "protect a party or person from . . . undue burden." Fed. R. Civ. P. 26(c)(1). Courts have broad discretion to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. ; *see Neravetla v. Virginia Mason Med. Ctr.*, 705 F. App'x 520, 523 (9th Cir. 2017) (affirming issuance of protective order precluding deposition that would be "excessively burdensome and inconvenient."). The moving party has the burden of demonstrating good cause for a protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Good cause requires a demonstration that "specific prejudice or harm will result if no protective order is granted." *Id*. Even if good cause for a protective order is shown, the court "must still balance the interests in allowing discovery against the relative burdens to the parties (and nonparties)." *Wilkerson v. Riffage*, No. C-03-04926 RMW, 2004 WL 7334827at *3 (N.D. Cal. Dec. 17, 2004).

### IV.    ARGUMENT

#### A.    There is Good Cause to Grant the Protective Order

Good cause exists to grant the protective order because Mr. Sneed is unable to sit for a deposition due to his injury, is withdrawing as the class representative, and yet Defendant intends to proceed with a deposition that simply cannot occur. Defendant maintains this position despite receiving repeated notice that Mr. Sneed is injured and will be withdrawing as class representative, and despite being informed that Plaintiff has identified substitute representatives who are ready and willing to participate in the case. Sodaify Decl. ¶¶ 7, 9–10. Forcing Mr. Sneed to appear would impose an undue burden and serve no legitimate purpose. Under these circumstances, compelling

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFF STEPHEN SNEED'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

his deposition would be unnecessary, improper, and contrary to the protections afforded under Rule 26(c). A protective order is therefore warranted.

### 1. *Defendant insists on deposing Mr. Sneed despite repeated notice of his inability to serve as class representative due to injury*

As Mr. Sneed explained in his Motion for Leave (ECF 89) and communicated to Defendant previously, his injury prevents him from continuing in his role as class representative. Sodaify Decl. ¶¶ 6–7. Forcing the deposition of a representative who is withdrawing and is injured provides no legitimate discovery benefit to Defendant and serves only to gain tactical leverage, clear grounds for a protective order.

Plaintiff repeatedly informed Defendant of Mr. Sneed's injury and intention to withdraw as class representative, formally objected to the deposition notice, and filed a Motion for Leave to substitute new representatives. ECF 89; *Id.* ¶¶ 7–10. Yet, Defendant has not withdrawn its deposition notice and indicated that it intends to proceed with the deposition as scheduled. *Id.* Under these circumstances, Mr. Sneed has ample reason to be concerned that, absent court intervention, Defendant will attempt to compel him to appear for a deposition he is physically unable to attend and in a case from which he is withdrawing as class representative. Plaintiff has exhausted all nonjudicial avenues to resolve this issue. *Id.* ¶¶ 7–10. With no further reasonable alternatives available, Plaintiff is compelled to seek the Court's protection.

### 2. *Plaintiff has identified qualified substitute class representatives*

Plaintiff took prompt and reasonable steps to address Mr. Sneed's inability to continue serving as class representative or appear for deposition. After confirming that he will no longer be serving as class representative and sitting for deposition due to his injury, Plaintiff identified three substitutes, Pamela Wilt, Vaidehi Patankar, and Shirley Won, each of whom purchased the products at issue, relied on the same challenged representation, and have the same claims based on the same relevant facts as Mr. Sneed. ECF 89; Sodaify Decl. ¶ 6. Class certification will therefore proceed on identical allegations and theories; the new representatives will supply the testimony relevant to those issues.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFF STEPHEN SNEED'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

Because the substitute representatives stand in the same position as Mr. Sneed and are ready and willing to participate in discovery, Defendant has no legitimate need for Mr. Sneed's deposition. The testimony Defendant seeks will come from the new representatives, rendering Mr. Sneed's deposition unnecessary and irrelevant. Courts recognize that a strong showing of irrelevance supports good cause for protective relief. *Food Market Merchandising Inc. v. California Milk Processor Bd.*, No. 2:15-cv-1083-TLN-CKD, 2022 WL 1811076, at *4 (E.D. Cal. June 1, 2022).

### 3.    *Plaintiff has acted in good faith*

As soon as Mr. Sneed informed counsel of his injury on October 6, Plaintiff's counsel promptly notified Defendant on October 8 and advised that Mr. Sneed could not attend the deposition previously scheduled for October and would work with Defendant to schedule his deposition at a mutually agreeable time. Sodaify Decl. ¶ 5. When Defendant stated that it would not present its Rule 30(b)(6) witnesses until after deposing Mr. Sneed, Plaintiff agreed to work cooperatively to reschedule and made repeated efforts to accommodate Defendant's preferences. *Id*. ¶ 4. When it became evident that Mr. Sneed's injury would prevent him from serving as class representative at all, including sitting for deposition, Plaintiff quickly identified suitable replacement representatives and informed Defendant of this fact. *Id*. ¶¶ 6–7. Despite this, Defendant continued to demand that Mr. Sneed appear for deposition. *Id.* ¶ 8. Plaintiff repeatedly made clear that this was not possible: through correspondence, through a formal objection to the deposition notice, through the Motion for Leave filed on November 17 (ECF 89), and now through this Motion for Protective Order. *Id.* ¶¶ 7–10. Plaintiff has consistently acted promptly, transparently, and in good faith at every stage.

### 4.    *Defendant will suffer no prejudice if the deposition does not proceed*

There is no prejudice to Defendant in not deposing Mr. Sneed, as all relevant discovery, including deposition testimony, can be obtained from the substitute class representatives, who share the same purchase experiences, bought the products at issue, relied on the same challenged representations, assert the same claims, and suffered the same economic harm. *Id.* ¶ 6. Now that Mr. Sneed will no longer be a named plaintiff, his testimony has no unique relevance; any information he could offer is more appropriately and directly obtained from Ms. Wilt, Ms. Patankar, and Ms.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

PLAINTIFF STEPHEN SNEED'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

Won. Therefore, no legitimate discovery interest depends on deposing him. Plaintiff has also moved to amend the class certification schedule to ensure that Defendant has ample time to prepare for and depose the new representatives, eliminating any potential timing concerns. ECF 89. Defendant's discovery posture is otherwise unchanged.

**B.    Defendant Cannot Show Necessity to Depose Mr. Sneed**

Once Mr. Sneed withdraws as a named plaintiff, he effectively becomes an absent class member. *Solano v. Kroger Co.*, No. 3:18-cv-01488-AR, 2022WL 3143352, at *5 (D. Or. May 3, 2022) (allowing withdrawing plaintiffs to become absent class members where discovery was ongoing and defendant would not be prejudiced).

Depositions of absent class members are permitted only upon a strong showing of necessity. *In re Worlds of Wonder Sec. Litig.*, No. C-87-5491 SC, 1992 WL 330411, *2 (N.D. Cal. July 9, 1992) ("absent a clear showing of necessity, discovery [of absent class members] generally will be denied."). To satisfy this standard, Defendant must show that "the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith." *Tierno v. Rite Aid Corp.*, No. C 05-02520 THE, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008); *Holman v. Experian Info. Sols., Inc.*, No. C 11-00180 CW (DMR), 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012) (discussing cases). Defendant cannot satisfy this standard.

Any information Defendant seeks from Mr. Sneed is "readily obtainable" from the three proposed class representatives, who made the same purchases, relied on the same representations, and assert the same claims. Their testimony is not only available but far more relevant to class certification and the merits. *See Food Mkt. Merchandizing, Inc. v. California Milk Processor Bd.*, 2022 WL 1811076, at *4 (E.D. Cal. June 2, 2022) (granting protective order based solely on irrelevance of the noticed topics).

Even assuming Mr. Sneed's testimony offered marginal value, that value is far outweighed by the burden imposed by requiring him, someone who is injured and who is withdrawing from the case, to sit for a deposition. *See Solano v. Kroger Co.*, 2022 WL 3143352, at *8 (burdens of deposing withdrawing plaintiffs outweighed "any minimal value" of their testimony). Courts routinely

PLAINTIFF STEPHEN SNEED'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

recognize that details about an individual plaintiff's purchases are only "marginally relevant" to class certification. *See Young v. LG Chem Ltd.*, No. 13-md-02420-YGR(DMR), 2015 WL 8269448, at *2 (N.D. Cal. Dec. 9, 2015) ("details" from withdrawing plaintiffs about their purchases "are only marginally relevant to the overall question of whether a class should be certified"). Indeed, this case is not like *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625 (C.D. Cal. 2011), where the former class representative offered "unique insight" not available elsewhere and the court found the deposition "would not be unduly burdensome." *Id*. at 629. Here, Mr. Sneed's experiences are virtually identical to those of the three replacement representatives whose experiences typify the class. Defendant therefore cannot meet the required heightened standard to justify deposition.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a protective order quashing Defendant's deposition notice of Mr. Sneed and precluding Defendant from any future attempts to depose him in this matter.

DATED: November 18, 2025

**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
　　Ryan J. Clarkson
　　Bahar Sodaify
　　Cassandra Rasmussen (*pro hac vice forthcoming*)
　　Jiaming Zheng

　　*Attorneys for Plaintiff*

PLAINTIFF STEPHEN SNEED'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265