**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
*Cassandra Rasmussen (pro hac vice forthcoming)*
*crasmussen@clarksonlawfirm.com*
Jiaming Zheng (SBN 363184)
*jzheng@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SNEED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Case No.: 4:23-cv-5443-JST<br><br>Complaint Filed: October 23, 2023<br>FAC Filed: January 26, 2024<br>SAC Filed: September 16, 2024<br><br>**DECLARATION OF BAHAR SODAIFY IN SUPPORT OF PLAINTIFF STEPHEN SNEED'S MOTION FOR PROTECTIVE ORDER**<br><br>Hearing Information:<br>Date:          January 29, 2026<br>Time:          2:00 p.m.<br>Courtroom:    6 – 2nd Floor |

**<u>DECLARATION OF BAHAR SODAIFY</u>**

I, Bahar Sodaify, declare as follows:

1.      I am a partner at Clarkson Law Firm, P.C. and counsel of record for Plaintiff Stephen Sneed ("Plaintiff"). I make this declaration in support of Plaintiff Stephen Sneed's Motion for Protective Order. I am licensed to practice in all state and federal trial courts in the State of California, and I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration, unless otherwise stated, and if called as a witness, I could and would testify competently thereto.

2.      Plaintiff Stephen Sneed ("Mr. Sneed") has been a dedicated named plaintiff in this matter for over two years. He has assisted with the preparation of pleadings, has responded to written discovery, and dutifully fulfilled his obligations in representing the proposed class.

3.      Nickolas Cannon ("Mr. Cannon") was named as a plaintiff alongside Mr. Sneed in the Second Amended Complaint. When Mr. Cannon withdrew from the case, and Mr. Sneed was left as the only remaining named plaintiff, Plaintiff's counsel was concerned about what might happen if, hypothetically, Mr. Sneed were also rendered unable to continue serving as a class representative. In June 2025, Plaintiff reached out to Defendant and proposed a stipulation to add an additional named plaintiff to the Second Amended Complaint. Plaintiff explained to Defendant that he was concerned that, with only one remaining representative, the case could be at risk should something unexpected occur. Defendant declined to stipulate.

4.      Parties have been actively engaged in discovery. Plaintiff served a Rule 30(b)(6) notice on Defendant on September 5, 2025. Defendant identified two Rule 30(b)(6) witnesses but made it clear to Plaintiff that it would not present the witnesses until after Mr. Sneed had been deposed. Defendant later asked to reschedule a witness deposition to later in November due to a scheduling conflict. Plaintiff suggested moving both Rule 30(b)(6) depositions so that they could be "back to back" and thus more efficient.

5.      On August 28, 2025, Defendant noticed Plaintiff's deposition for October 14. However, on October 6, Mr. Sneed informed Plaintiff's counsel that he had suffered an injury which would require surgery and ongoing medical care. Mr. Sneed would therefore be unable to appear

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

for his scheduled October 14 deposition. Plaintiff's counsel promptly relayed this information to Defendant on October 8 and advised that Mr. Sneed could not attend the deposition previously scheduled for October 14 and would work with Defendant to schedule his deposition at a mutually agreeable time.

6. On October 22, 2025, Defendant unilaterally noticed Mr. Sneed's deposition for November 19, 2025. Meanwhile, as it became evident that Mr. Sneed would no longer be able to continue serving as a class representative due to his injury, Plaintiff's counsel began diligently searching for and vetting suitable new representatives. Plaintiff's counsel identified qualified proposed class representatives, who purchased the products at issue, relied on the same challenged representation, and have the same claims based on the same relevant facts as Mr. Sneed.

7. On November 10, Plaintiff informed Defendant via email that Mr. Sneed would no longer be able to continue as a class representative or to sit for his scheduled deposition due to his injury. Plaintiff shared that he had identified new replacement representatives whose claims and core allegations would remain the same as Mr. Sneed's. Plaintiff asked if Defendant would stipulate to amending the Second Amended Complaint to substitute in these new plaintiffs, as well as stipulating to amend the case schedule to account for the fact that no depositions had taken place by either party, and that the December 8 class certification deadline was quickly approaching. Plaintiff offered to meet and confer in order to discuss the proposed stipulations.

8. Defendant responded on November 13. Not only did Defendant decline to stipulate to either amending the complaint or case schedule, but Defendant demanded Plaintiff dismiss the case altogether. Defendant insisted upon otherwise continuing with the scheduled November 19 deposition, and threatened to subpoena Mr. Sneed if Plaintiff proceeded with litigating the class with the new proposed plaintiffs.

9. On November 14, Plaintiff responded that dismissal and refiling is unsupported by law, impractical, and a waste of judicial resources. Plaintiff further explained that courts routinely permit substitution of class representatives, particularly before class certification and where the named plaintiff is injured. Plaintiff also noted that Defendant had identified no prejudice arising from the proposed substitution. Acknowledging the impasse and Defendant's refusal to stipulate,

DECLARATION OF BAHAR SODAIFY

Plaintiff stated that he would seek relief from the Court. Later that same day, Plaintiff served a formal objection to the unilaterally noticed deposition of Mr. Sneed, reiterating that Mr. Sneed is unable to attend the deposition or continue as class representative due to his injury, and advising that Plaintiff would seek a protective order if necessary.

10.    After exhausting all nonjudicial avenues to resolve this issue, on November 17, Plaintiff filed a Motion for Leave to File a Third Amended Complaint and to Modify Case Schedule (ECF 89).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and accurate to the best of my ability. Executed on November 18, 2025, in the County of Los Angeles, State of California.

By: */s/ Bahar Sodaify*
Bahar Sodaify

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265