Cortlin Lannin (SBN 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591- 7078
Email: clannin@cov.com

Andrew Soukup (*pro hac vice*)
Sameer Aggarwal (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Email: asoukup@cov.com
saggarwal@cov.com

*Attorneys for Defendant*
*The Procter & Gamble Company*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STEPHEN SNEED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Civil Case No. 4:23-cv-05443-JST<br><br>Hon. Jon S. Tigar<br><br>**DEFENDANT THE PROCTER & GAMBLE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME RE PLAINTIFF'S MOTION FOR LEAVE** |

Without meeting and conferring before filing his Motion to Shorten Time (ECF No. 91), the sole remaining plaintiff in this case—Stephen Sneed—asks this Court to order P&G to file early its opposition to Plaintiff's belated request to add new plaintiffs to this case (*see* Motion for Leave to File a Third Amended Complaint and to Modify Case Schedule (ECF No. 89)). This Court should deny that request. The sole basis for Plaintiff's request is his concern that this Court will not decide whether new plaintiffs can join this case until after his current December 8 deadline to move for class certification. *See* Mot. at 4. As P&G would have told Plaintiff had he asked first, P&G has no objection if this Court holds the class certification deadline in abeyance while it considers Plaintiff's motion for leave. Doing so is sensible: if this Court denies Plaintiff's motion, this case will end because Plaintiff no longer has any interest in pursuing his claims; if this Court grants Plaintiff's motion, this case will be set back to square one, and a new schedule will need to be negotiated. P&G takes no position on when Plaintiff files his reply or when this Court sets a hearing on Plaintiff's motion for leave, but P&G should not be forced to file its opposition early.

This case is more than two years old, and it at one point featured three Plaintiffs. ECF No. 1. On August 19, 2024, the Court dismissed Moussa Kouyate's claims. ECF No. 45. In July 2025, Nickolas Cannon dismissed his claims without prejudice rather than participate in the discovery process. ECF No. 74. And in November 2025, the final remaining Plaintiff—Sneed—said he is no longer is interested in litigating this case. He seeks to withdraw after he agreed in August 2025 to a mid-October deposition, only to abruptly cancel that deposition and refuse to provide dates to reschedule; the assertions as to the injury he allegedly suffered and why he no longer wants to participate in this case are offered by counsel and not Mr. Sneed himself.

In other words, with mere weeks remaining before the current class certification deadline, none of the plaintiffs who initially filed this lawsuit are interested in pursuing this case. This is consistent with the total dearth of material P&G has received in discovery. None of the current or former plaintiffs, nor their counsel, has provided evidence in discovery to substantiate the allegations in the complaint. The only Plaintiff who responded to discovery—Mr. Sneed—produced a single document: the consulting agreement between Plaintiffs' counsel and their purported expert, Dr. Antonia Nemanich. There have been no documents produced that diphenhydramine could be habit-forming when used as

directed, that a reasonable consumer could find anything misleading about P&G's product packages, or even any proof that any plaintiff purchased the product at issue.

Plaintiff now seeks to add new individuals as plaintiffs nearly five months after the June 6, 2025 deadline to do so has passed. ECF No. 68. These new individuals have not suddenly discovered their claims; they were apparently recruited by Plaintiff's counsel, raising questions about the propriety of communications that may have occurred with absent class members. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). Although Plaintiff claims that he is seeking to "substitute" new individuals as class representatives, no class has been certified, so there are no "class representatives" to substitute. Under these circumstances, Plaintiff's request to add new plaintiffs in a putative class action is not a request that is routinely granted as a matter of ordinary course. *See In re ZF-TRW Airbag*, 601 F. Supp. 3d 625, 761 (C.D. Cal. 2022) (When "classes have not been certified," courts have held, "the substitution of class representatives, if requested, may not … be[] permitted."); *Hitt v. Ariz. Beverage Co.*, 2009 WL 4261192 (S.D. Cal. 2009) ("[T]he paramount consideration" when "deciding whether substitution of plaintiffs may be permitted after the named plaintiff's claims are voluntarily dismissed" is "whether the putative class has been certified.").

Given the Thanksgiving holiday and travel plans by P&G's in-house and outside counsel, P&G needs the full two weeks permitted by the Local Rules to submit its opposition to Plaintiff's Motion for Leave. Plaintiff will suffer no prejudice if his motion is briefed on the ordinary schedule. The only prejudice Plaintiff cites is the inability to know whether new plaintiffs will join this case before the December 8 class certification deadline. *See* ECF 91 at 4. But Plaintiff himself will not suffer any prejudice; he can (and should) voluntarily dismiss his claims at any time. And, as noted above, P&G has no objection to this Court holding the class certification deadline in abeyance, eliminating any other prejudice Plaintiff might suffer: either this Court denies Plaintiff's motion (in which case this case will end), or this Court finds good cause to allow new plaintiffs to join a case more than two years after this lawsuit was first filed (in which case the parties will confer on a new schedule).

Plaintiff only has himself to blame for any delay in seeking to add new plaintiffs, and P&G should not be burdened with rushing to file an opposition. Plaintiff and his counsel have known since at least October 6 of Plaintiff's medical issues and since October 22 of P&G's desire to depose him on

November 19, yet Plaintiff waited more than a month later to file his motion seeking to add new parties. Even if there was a need to move quickly now, Plaintiff offers no explanation why he waited to file this request to accelerate a ruling—a request made without conferring with P&G—until the day after he filed his motion: this request was filed after business hours on Tuesday, November 18, leaving P&G just three full business days before the Monday, December 1 date when Plaintiff says P&G should file its opposition.

      For the foregoing reasons, this Court should deny Plaintiff's motion to the extent it seeks to force P&G to file its opposition to his Motion for Leave on November 24. P&G intends to file its opposition on December 1 (the time permitted by the Local Rules), unless this Court orders otherwise. P&G takes no position when Plaintiff file his reply or when this Court set Plaintiff's motion for a hearing.

Dated: November 21, 2025                                         Respectfully submitted,

                                                                      */s/ Cortlin Lannin*

                                              Cortlin Lannin (SBN 266488)
                                              COVINGTON & BURLING LLP
                                              Salesforce Tower
                                              415 Mission Street, Suite 5400
                                              San Francisco, CA 94105-2533
                                              Telephone: (415) 591- 7078
                                              Email: clannin@cov.com

                                              Andrew Soukup (*pro hac vice*)
                                              Sameer Aggarwal (*pro hac vice*)
                                              COVINGTON & BURLING LLP
                                              One CityCenter
                                              850 Tenth Street, NW
                                              Washington, DC 20001
                                              Telephone: (202) 662-6000
                                              Email: asoukup@cov.com
                                                           saggarwal@cov.com

                                              *Attorneys for Defendant*
                                              *The Procter & Gamble Company*