UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN SNEED,

        Plaintiff,

    v.

THE PROCTER & GAMBLE COMPANY,

        Defendant.

Case No. 23-cv-05443-JST

**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Re: ECF No. 89

Before the Court is Plaintiff Stephen Sneed's motion for leave to file an amended complaint. ECF No. 89. The Court will grant the motion.

## I.    BACKGROUND

The factual background to this case is set out in greater detail in the Court's August 12, 2024 order. ECF No. 44. In short, Defendant Procter & Gamble Company ("P&G") sells several "Nighttime Sleep Aid" products (hereinafter, "Products") containing diphenhydramine hydrochloride ("diphenhydramine") under the ZzzQuil brand. ECF No. 47 ¶ 2, 4, 12 ("SAC"). Plaintiff Stephen Sneed brings this putative class action against P&G for allegedly "falsely and misleadingly advertis[ing], label[ing], and packag[ing] certain" of its ZzzQuil Nighttime Sleep Aid products as "Non-Habit Forming." *Id.* ¶ 2. Sneed alleges that the Products contain diphenhydramine, "an ingredient that can lead consumers to frequently use the Product over a prolonged period, contrary to the Challenged Representation disclaiming the Products' potential to be 'habit forming.'" *Id.* ¶ 3. Sneed further contends that such representations coax "reasonable consumers, including [Sneed], to incorrectly believe that the Products do not and cannot cause habitual use." *Id.* ¶ 2. Sneed bring claims for (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq; (2) violation of California's False

United States District Court
Northern District of California

Advertising Law ("FAL"), Cal. Bus. & Prof Code §§ 17500 et seq.; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (4) breach of warranty in violation of Cal. Comm. Code §§ 2313 et seq.; and (5) unjust enrichment under California law. *Id.* at 32-49.

The original complaint was filed on October 23, 2023 by Plaintiffs Stephen Sneed and Nickolas Cannon, who were later joined by Plaintiff Moussa Kouyate in the First Amended Complaint. ECF Nos. 1, 23. Kouyate's claims were dismissed by Court for lack of personal jurisdiction. ECF No. 45. Plaintiffs then filed the Second Amended Complaint on September 16, 2024. ECF Nos. 45, 47. Defendant filed its Answer on April 18, 2025. ECF No. 70.

In June 2025, Plaintiff sought a stipulation from Defendant to substitute a new class representative into the case in place of Plaintiff Nickolas Cannon, who was unable to continue to serve as class representative and withdrew from the case. ECF No. 89-1 (Sodaify Decl.) ¶ 4. Plaintiff's counsel was concerned about being left without a plaintiff should something unexpected occur that might cause the one remaining Plaintiff, Sneed, to be unable to continue serving. *Id*. Defendant refused to stipulate. *Id*.

Cannon dismissed his claims as a plaintiff on July 7, 2025. ECF No. 74. Plaintiff filed this motion for leave to amend and substitute three new plaintiffs for Sneed on November 17, 2025. ECF No. 89. P&G opposed the motion on December 1, 2025. ECF No. 98. Plaintiff filed a reply on December 8, 2025. ECF No. 98. At the parties' request, the Court vacated the class certification briefing schedule pending the Court's ruling on this motion. ECF Nos. 101, 102.

## II.     JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332(d).

## III.     LEGAL STANDARD

Once a scheduling order has been entered, a plaintiff seeking to join an additional party must satisfy the requirements of both Rules 15 and 16 of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). First, the party seeking amendment must show "good cause" under Rule 16(b), then, "if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15. *Id.* (citing *Forstmann v. Culp*, 114

2

F.R.D. 83, 85 (M.D.N.C. 1987)). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' . . . But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal citation omitted).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Jimenez v. R. Sambrano*, No. 04-cv-1833 L(PCL), 2009 WL 937042, at *2 (S.D. Cal. Apr. 6, 2009) (in determining whether good cause exists for the amendment of a scheduling order, courts should consider "whether the movant was diligent in seeking amendment once the need to amend became apparent."). Prejudice to the non-moving party "might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (internal citations omitted).

## IV.   DISCUSSION

The Court begins its analysis of the motion by considering the Plaintiff's diligence. As noted above, "[t]he 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Hannon v. Chater,* 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (quotations omitted). Plaintiff's counsel argues he has been diligent because within a few weeks of learning that Plaintiff had suffered an injury that would prevent him from continuing to participate in the litigation, Plaintiff's counsel identified three potential new plaintiffs. Defendant argues that Plaintiff has not been diligent because "[c]ounsel could have easily pursued the addition of new plaintiffs at the appropriate time under the case schedule—before P&G expended significant resources in discovery litigating these claims against Plaintiff." ECF No. 97 at 5.

The Court is not persuaded by Defendant's argument for two reasons. First, the gist of Defendant's argument is that Plaintiff's counsel should have identified additional plaintiffs even before the need for such plaintiffs became known. There is no support in the law for such an

United States District Court
Northern District of California

United States District Court
Northern District of California

obligation. Second, and somewhat ironically, Plaintiff's counsel *did* "pursue the addition of new plaintiffs" by seeking a stipulation to add a new plaintiff more than four months before being forced to file this motion, but Defendant refused to stipulate. Had Defendant stipulated to that relief, this motion would have been unnecessary. Defendant also argues that the new proposed plaintiffs themselves have not been diligent, "as one plaintiff claims she has been using ZzzQuil for 10 years." *Id.* Defendant cites no authority for this argument either—that a Court should decide a motion to substitute plaintiff based on the *new plaintiff's* purported failure to bring suit at an earlier time—and the Court rejects that argument as well. In sum, on these facts, Plaintiff has demonstrated diligence. See *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-03613-WHO, 2020 WL 5893444, at *3 (N.D. Cal. Oct. 5, 2020) (finding diligent plaintiff who filed a motion to substitute a few months after original plaintiffs became unresponsive); *Hinojos v. Kohl's Corp.*, No. 2:10-CV-07590-ODW, 2013 WL 5835780, at *2 (C.D. Cal. Oct. 29, 2013) (finding diligent plaintiff who filed a motion to substitute approximately three months after original plaintiff's health status made it impossible to continue in litigation); *Bates v. Leprino Foods Co.*, No. 220CV00700AWIBAM, 2022 WL 3371584, at *3 (E.D. Cal. Aug. 16, 2022) (finding diligent Plaintiff who filed a motion to substitute "only several weeks after it became apparent that his new employment significantly limited his time, including the time he can spend further pursuing this case" (internal quotation omitted)).

Defendant argues that "substitution of class representatives is [o]rdinarily . . . permitted only after a class has already been certified." ECF No. 97 at 8 (citing *Skilstaf v. CVS Caremark Corp.*, 2010 WL 199717, at *6 (N.D. Cal. Jan 13, 2010); *In re ZF-TRW Airbag*, 601 F. Supp. 3d 625, 761 (C.D. Cal. 2022)). That argument is not correct. "To the extent Defendants claim that courts in the Ninth Circuit generally deny motions to substitute a class representative when filed before the putative class is certified, the Court disagrees. Several courts in the Ninth Circuit have granted pre-certification motions to substitute putative class representatives." *Bates v. Leprino Foods Co.*, No. 220CV00700AWIBAM, 2022 WL 3371584, at *3 (E.D. Cal. Aug. 16, 2022) (collecting cases). Defendant's citation to *Skilstaf* does not persuade the Court otherwise, because (1) there was no motion to substitute plaintiff before the court, so the quotation on which

Defendant relies is dictum; and (2) the court was considering the utility of a motion to substitute after the court had granted a motion to dismiss for lack of standing, which meant "there [was] no longer an Article III 'case or controversy' between the parties." *Skilstaf*, 2010 WL 199717, at *6. Those are not the facts here. The quote from *ZF-TRW Airbag Control Units*, on which Defendant relies, is also dictum. *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.,* 601 F. Supp. 3d 625, 761 (C.D. Cal. 2022) ("There has not been a request to substitute new class representatives for those putative classes."), *opinion clarified sub nom. In re ZF-TRW Airbag Control Units Prods.*, No. LAML1902905JAKFFMX, 2022 WL 19425927 (C.D. Cal. Mar. 2, 2022).

Finally, the Court finds that Defendant will suffer no significant prejudice if the motion to amend is granted. "[Plaintiffs] only seek to add a named plaintiff, not to add any new theories of liability or substantive facts that would change the course of this case." *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-03613-WHO, 2020 WL 5893444, at *3 (N.D. Cal. Oct. 5, 2020) (internal citation omitted). Furthermore, the case is still in its early stages. Notwithstanding Defendant's claim that "permitting Plaintiff to file an amended complaint with three new named plaintiffs would impose substantial burdens on P&G," ECF No. 97 at 12, no depositions have been taken, no discovery deadlines have passed, and Plaintiff has not yet moved for class certification. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987) (finding a lack of prejudice when a "case is still at the discovery stage with no trial date pending"). This is not a case where granting a motion to add substitute plaintiffs would "moot[] the substantial amount of discovery that ha[s] already been completed." *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-CV-01586-JST, 2017 WL 3478776, at *4 (N.D. Cal. Aug. 14, 2017) (quoting *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444DDPPLAX, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009)).

### CONCLUSION

For the reasons set forth above,[1] Plaintiff's motion for leave to file an amended complaint is granted. The Court will set a case management conference on July 31, 2026 at 1:30 p.m. An updated joint case management statement is due July 24, 2026. The statement shall propose new

---

[1] Defendant does not assert that Plaintiff's proposed amendment is sought in bad faith or would be futile, so the Court does not address those factors.

United States District Court
Northern District of California

deadlines for class certification and any related deadlines.

**IT IS SO ORDERED.**

Dated:  July 13, 2026

_____
JON S. TIGAR
United States District Judge