**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Cassandra Rasmussen (PHV admitted)
*crasmussen@clarksonlawfirm.com*
Jiaming Zheng (SBN 363184)
*jzheng@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

**COVINGTON & BURLING LLP**
Cortlin H. Lannin
*clannin@cov.com*
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel: (415) 591-6000

**COVINGTON & BURLING LLP**
Andrew Soukup (admitted *pro hac vice*)
*asoukup@cov.com*
Sameer Aggarwal (admitted *pro hac vice*)
*saggarwal@cov.com*
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for The Procter & Gamble Co.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA WILT, VAIDEHI PATANKAR, AND SHIRLEY WON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Case No. 4:23-cv-5443-JST<br><br>*Hon. Jon S. Tigar*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Hearing Information</u>:<br>Date: July 31, 2026<br>Time: 1:30 pm<br>Courtroom: Via Zoom Webinar |

Case No. 4:23-cv-5443-JST

Pursuant to the Court's Order Granting Motion for Leave to File an Amended Complaint (ECF No. 103), Plaintiffs Pamela Wilt, Vaidehi Patankar, and Shirley Won ("Plaintiffs") and Defendant The Procter & Gamble Company ("P&G" or "Defendant") respectfully submit this Joint Case Management Statement in advance of the upcoming further case management conference scheduled for July 31, 2026. In accordance with the Court's directive, this statement proposes new deadlines for class certification and any related deadlines.

## 1.    Jurisdiction and Service

**Plaintiffs' Statement:** This Court has subject matter jurisdiction over this putative class action under 28 U.S.C. § 1332(d) because the proposed class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs served Defendant with the summons and complaint on November 6, 2023. *See* ECF No. 10. This Court has held that Plaintiffs have Article III standing and that it has subject matter jurisdiction over Plaintiffs' claims. ECF Nos. 45, 66.

**P&G's Statement:** P&G disputes that Plaintiffs have Article III standing to maintain their claims but acknowledges that this Court rejected those arguments in the context of P&G's motion to dismiss and held that it has subject matter jurisdiction to hear Plaintiffs' claims. *See* ECF No. 45. P&G agrees that if Plaintiffs have Article III standing, this court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d).

## 2.    Facts

**Plaintiffs' Statement:**

Defendant markets its ZzzQuil nighttime sleep aid Products[1] with misleading, false, and deceptive labels and advertisements. These Products are uniformly and prominently labeled as "Non-Habit Forming" on the front of each Product, despite containing ingredients that induce habitual use. Dr. Antonia Nemanich, a respected expert in medical toxicology and substance

---

[1] The "Products" are: (A) ZzzQuil™ Nighttime Sleep-Aids in all variations, sizes, or forms such as: (1) Liquid, Alcohol-Etc. Free, Soothing Berry; (2) Liquid, Calming Vanilla Cherry; (3) Liquid, Soothing Mango Berry; (4) Liquid, Warming Berry; (5) Pills (Liquid Capsules); and (B) ZzzQuil™ Nighttime Sleep-Aid Pain Reliever, in all variations, sizes, or forms, such as: (1) Liquid, Black Cherry; (2) Liquid, Midnight Berry; and (3) Pills (Gel Tablets). ECF No. 47 ¶ 5.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

dependence, attests that diphenhydramine is habit forming, consistent with both the cited studies and her clinical experience. ECF 47-5. The Court found that the sources cited by Dr. Nemanich and the SAC "support [Plaintiff's] claim that even the directed usage of diphenhydramine can lead to dependency, tolerance, and abuse." ECF No. 66. The Court has already rejected Defendant's arguments on standing, preemption, and other issues. ECF Nos. 45, 66.

The Products' front labels falsely assure consumers the Products are "non-habit forming," while the back labels say nothing about the risk. Telling consumers to stop, as the Court recognized, offers no help once the habit is formed. The Products' "Non-Habit Forming" claim therefore leads reasonable consumers, including Plaintiffs, to believe that the Products are "healthier" and "safer" sleep aids that do not pose a risk of habit formation. ECF No. 45 at 11:27–12:2. Consequently, consumers, including Plaintiffs, have paid a premium for Products that are falsely advertised as non-habit forming. Plaintiffs seek restitution and damages for the economic losses suffered by the class, as well as an injunction to stop the use of these misleading advertisements. Plaintiffs further seek the certification of this case as a class action, appointment as class representatives for the nationwide class and the California subclass of consumers who have purchased the Products within the applicable statutes of limitation, and appointment of Plaintiffs' counsel as class counsel.

**P&G's Statement:** This case is about whether ZzzQuil, an over-the-counter nighttime sleep-aid, misleads reasonable consumers through its accurate representation that it is "non-habit forming." ZzzQuil's directions expressly instruct consumers to use the medicine only once a day and to "[s]top use and ask a doctor if sleeplessness persists continuously for more than 2 weeks." Reasonable consumers would follow those instructions, making it implausible that they would develop a "habit." Indeed, when FDA determined whether to approve ZzzQuil's active ingredient, diphenhydramine, in nighttime sleep-aids, it considered (among other things) whether the ingredient could be habit-forming before ultimately concluding that it was safe and effective for over-the-counter use. The FDA has also approved of the non-habit forming representation on other medicine that contains diphenhydramine. *See* ECF No. 53-2, 53-4. There is nothing false, misleading, or deceptive about P&G's conduct, this case should not be certified as a class action, and Plaintiffs (and members of the putative class they seek to represent) are not entitled to any damages,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

restitution, or injunctive relief.

**3.      Legal Issues**

Plaintiffs allege that Defendant's labeling of ZzzQuil Products as "Non-Habit Forming" is false and misleading, in violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, et seq.), False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500, et seq.), and Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750, et seq.). Plaintiffs also allege common law claims for breach of warranty and unjust enrichment. The disputed legal issues include whether the representation that ZzzQuil is "non habit-forming" misleads reasonable consumers, whether Plaintiffs or any putative class member relied on the "non habit-forming" representation when they allegedly bought the medicine, whether Plaintiffs' claims are preempted by the Federal Food, Drug, and Cosmetic Act, whether Plaintiffs or any putative class member sustained damages (and, if so, the proper measure of their damages), and whether this case can be certified as a class action.

**4.      Motions**

On April 4, 2025, the Court denied P&G's motion to dismiss Plaintiffs' Second Amended Complaint.  ECF No. 66.  On July 13, 2026, the Court granted Plaintiffs' motion to file a Third Amended Complaint ("TAC").  ECF No. 103.  There are currently no pending motions.

Plaintiffs anticipate filing a motion for class certification, as well as other pre-trial motions as needed, including discovery, summary judgment, motions in limine, and Daubert motions. Plaintiffs will also oppose any further motions filed by Defendant.

P&G anticipates filing at least a motion for summary judgment at an appropriate stage in this case.  P&G also anticipates opposing additional motions Plaintiffs may file, including any motion for class certification, and it may file motions to exclude Plaintiffs' experts under Federal Rule of Evidence 702.

**5.      Amendments of Pleadings**

**Plaintiffs' Statement:** On July 13, 2026, the Court granted Plaintiff's motion for leave to file an amended complaint. ECF No. 103. As such, Plaintiffs Pamela Wilt, Vaidehi Patankar, and Shirley Won filed a Third Amended Complaint ("TAC") on July 24, 2026 (ECF No. 104). The TAC

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

is substantially similar to the Second Amended Complaint ("SAC"). The only differences between the SAC and TAC are the replacement of Plaintiff Stephen Sneed with Plaintiffs Wilt, Patankar, and Won, and where necessary the updating of URLs for sources cited in the footnotes. Plaintiffs do not anticipate filing any further amended complaint(s).

**P&G's Statement:** As set forth below, the Parties propose that P&G respond to the TAC by August 28, 2026.  P&G credits Plaintiffs' representation that they do not intend to amend again, and would likely oppose any attempt by them to do so.

### 6.       Evidence Preservation

The parties each independently assert that they have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

### 7.       Disclosures

The parties exchanged initial disclosures on August 12, 2024.

### 8.       Discovery

**Plaintiffs' Statement:**

**A. Discovery Propounded by Plaintiff**

Parties have exchanged initial disclosures and served responses to ROGs, RFPs, and RFAs. However, some of Defendant's responses to its ROGs, RFPs, and RFAs are still deficient. For example, Defendant objects to the definition of "Class Period" as inclusive of the period between October 23, 2023 and the present, implicating cut-off dates for responsive documents. Plaintiff issued a Meet and Confer letter to Defendant on December 30, 2025 ("M&C Letter"). Given that the motion to amend was pending, the parties agreed to stay this case and resume the meet and confer efforts after the Court's ruling.

Plaintiffs note that the M&C Letter of December 30, 2025 was not precluded by the Court's order to "meet and confer about any currently pending discovery disputes and, if they are not able to resolve them, to present them to Magistrate Judge Kang for decision by October 23, 2025," (ECF No. 86) because the M&C Letter raised issues that were not "currently pending discovery disputes"

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

at the time ECF No. 86 was issued. The statement in the October 1 Joint Stipulation to Modify Class Certification Schedule that "P&G substantially completed its production, which consisted of over 5,000 documents" reflects an acknowledgment of the volume of Defendant's document production, not confirmation of its adequacy. As stated in the joint stipulation, Plaintiff had received thousands of documents twelve days before, and had not yet reviewed the full production.

Plaintiff's timing of the December meet and confer letter was reasonable given the timing of Defendant's production, Plaintiff's efforts to substitute new Plaintiffs due to Plaintiff Sneed's injury (which this Court acknowledged were diligent), and the ongoing communication regarding Defendant's refusal to produce its witnesses for deposition.

**P&G's Statement:** In compliance with an order of this Court, P&G substantially completed its document production by September 19, 2025.  ECF No. 86.  In accord, on October 1, 2025, the parties submitted a joint stipulation confirming that "on September 19, 2025, P&G substantially completed its production, which consisted of over 5,000 pages of documents," and requesting a "limited continuance" of the case schedule, in part "in order to allow adequate time for Plaintiff to review P&G's production."  ECF No. 87.  The Court granted the parties' request on October 2, 2025.  ECF No. 88.

On September 11, 2025, the Court also ordered the parties to present any unresolved discovery disputes to Magistrate Judge Kang for decision by October 23, 2025.  ECF No. 86. Plaintiffs did not submit any such disputes to Judge Kang by that date.  Instead, they sent P&G a letter on December 30, 2025, that purported to raise concerns with P&G's responses to certain of Plaintiffs' Interrogatories, Requests for Production, and Requests for Admission.  Now that the Court has granted Plaintiffs' motion to file an amended complaint, P&G is prepared to confer with Plaintiffs about their letter.  However, P&G has substantial concerns about the timeliness of Plaintiffs' letter given that it addresses discovery responses that P&G provided more than *two months* prior to the Court's deadline to submit any disputes about those responses to Magistrate Judge Kang, and Plaintiffs' letter arrived more than *two months* after that deadline.  Specifically, P&G served its operative responses and objections to Plaintiffs' discovery requests on August 15, 2025 and, as noted above, substantially completed its document production by September 19, 2025.

Case No. 4:23-cv-5443-JST                          5
JOINT CASE MANAGEMENT STATEMENT

Plaintiffs' sending of their letter months later, and months after the Court's October 23, 2025 deadline to submit any discovery disputes to Magistrate Judge Kang, raises concerns that they are attempting to generate discovery issues long after their deadline to do so lapsed.

**9.    Class Actions**

**Plaintiffs' Statement:**  Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and all others included in the putative Class. Plaintiffs intend to move for class certification consistent with the proposed schedule included in Section 16 below. Plaintiffs' counsel has reviewed the Procedural Guidelines for Class Action Settlements.

**P&G's Statement:** This case is not amenable to class-wide treatment and P&G intends to oppose Plaintiffs' motion for class certification.  P&G's counsel has reviewed the Procedural Guidance for Class Action Settlements.

**10.    Related Cases**

The parties are unaware of any related cases at this time

**11.    Relief**

**Plaintiffs' Statement:** Plaintiffs seek injunctive relief, all available monetary relief (including but not limited to compensatory damages, consequential damages, punitive damages, restitution/disgorgement, pre/post-judgment interest), and attorneys' fees, costs, and expenses, and any further relief the Court deems just and proper.

**P&G's Statement:** P&G denies that Plaintiffs are entitled to any relief.

**12.    Settlement and ADR**

Pursuant to Civ. L.R. 16-8(b), the parties filed their ADR Certifications on April 9, 2024. ECF Nos. 30, 31, 32 (Plaintiffs' ADR Certifications); ECF No. 34 (P&G's ADR Certification).

**13.    Other References**

The Parties do not believe any referrals are necessary at this time.

**14.    Narrowing of Issues**

**Plaintiffs' Statement:** Plaintiffs are presently unaware of any stipulations or agreements that could narrow the issues at this time.

Case No. 4:23-cv-5443-JST                        6

JOINT CASE MANAGEMENT STATEMENT

**P&G's Statement:** P&G anticipates that the case may be narrowed by P&G's anticipated motion for summary judgment.

**15.      Expedited Trial Procedure**

The parties do not believe that this action is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

**16.      Scheduling**

**Plaintiffs' Statement:** The Court denied Defendant's Motion to Dismiss the Second Amended Complaint on April 4, 2025. ECF No. 66. Shortly thereafter, on April 9, 2025, the Court set the initial class certification deadline for October 30, 2025 (ECF No. 68), based on the case schedule proposed by Parties in the April 1, 2025 CMS (ECF No. 65). Plaintiffs immediately commenced class-related discovery, serving RFPs, ROGs, and RFAs to Defendant on April 7, 2025, but initially received only objections in Defendant's May 21, 2025 response, with Defendant citing the lack of a protective order. *See* ECF No. 85. After the entry of a protective order, Defendant served RFA and ROG responses on May 23, 2025, but no documents at that time. *Id.* Plaintiff served a Meet and Confer letter on June 18, 2025. Defendant produced its first 279 pages of documents on July 10, 2025, but did not provide a timeline for producing the remaining documents. *Id.* Parties met and conferred on July 15, 2025. *Id.* Defendant produced amended ROGs and RFAs on August 15, 2025, but still had not produced most of the requested documents. *Id.* Plaintiff requested in the September 9, 2025 joint CMS (ECF No. 85) that Defendant complete document production by September 19, 2025. This Court ordered Defendant to do so. ECF No. 86.

Plaintiffs immediately began review of the documents produced on September 19.  On October 1, 2025, parties jointly requested (ECF No. 87), and the Court granted (ECF No. 88), a modified class certification schedule to accommodate Defendant's witnesses' scheduling conflicts and to allow Plaintiff time to review documents. The new class certification deadline was set for December 8, 2025. *Id.*

But discovery stalled shortly after when Defendant conditioned its witnesses' availability for deposition on Plaintiff's deposition going first. On September 5, 2025, Plaintiff served a 30(b)(6) deposition notice on Defendant's witnesses for October 7, 2025. *See* ECF 89-1 ¶ 2. On October 2,

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

2025, Defendant asked to reschedule the deposition to November, to which Plaintiff agreed. *Id*. On October 8, 2025, Plaintiff's counsel informed Defendant that Mr. Sneed's October 14 deposition would need to be rescheduled due to an injury. *Id*. ¶ 5. As Plaintiff Sneed was unable to appear for a deposition due to his injury, Defendant refused to produce its witnesses, and no depositions have taken place.

On November 17, 2025, Plaintiffs filed a motion for leave to amend the complaint in order to substitute Plaintiff Stephen Sneed with Plaintiffs Wilt, Patankar, and Won. ECF No. 89. On November 25, 2025, this Court modified the class certification deadline to March 12, 2026. ECF No. 95. The parties then stayed discovery and all case deadlines pending the Court's ruling on Plaintiff's motion to amend. ECF No. 101. The Court accordingly vacated the class certification schedule on March 3, 2026. ECF No. 102.

On December 30, 2025, Plaintiffs served Defendant a Meet and Confer letter for discovery responses that were deficient, including that Defendant had objected to defining "Class Period" to include the period after October 23, 2023, despite maintaining the "non-habit forming" phrase on its packaging through the present. Given that the motion for leave to amend the complaint was pending, the Parties agreed to stay this case and resume meet and confer efforts after the Court's ruling. Plaintiff's timing of the December meet and confer letter was reasonable given the timing of Defendant's document production, Plaintiffs' diligent efforts to substitute new Plaintiffs once Plaintiff's counsel learned of Plaintiff Sneed's injury, and the ongoing communication regarding Defendant's refusal to produce witnesses for deposition.

Plaintiffs' proposed class certification schedule below takes into consideration the time necessary to prepare for and conduct at least five depositions (Defendant's two witnesses and the three Class Representatives), for experts to prepare reports which will need to incorporate information learned through the deposition(s), and to resolve the discovery issues raised in the M&C Letter. Plaintiffs respectfully request the case schedule set forth in the table below.

**P&G's Statement:** Most of Plaintiffs' recitation of the history of this case is irrelevant to the setting of a new class certification schedule. At this point, the Parties agree that P&G substantially completed its document production almost a year ago and, as Plaintiffs observe, all the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Parties have left to complete is the depositions of two P&G employees and discovery of the three new named plaintiffs. (As noted above, P&G will likely resist any belated attempt by Plaintiffs to revisit the overall adequacy of P&G's discovery responses.) There is no need for a lengthy delay before the parties move on to class certification; nor is there any need to deviate materially from the class certification briefing intervals this Court originally set in November 2025 (ECF No. 95), which are shown in the table below. The schedule proposed by P&G in the table below affords the Parties approximately four months to complete discovery before class certification, including depositions. It then proposes class certification briefing deadlines that roughly mirror the schedule originally entered by this Court and adds a proposed class certification hearing date.

*     *     *

| Event | Prior Dates Before Vacating Schedule (ECF No. 95) | Plaintiffs' Proposed Date | P&G's Proposed Date |
|---|---|---|---|
| Defendant's Response to Third Amended Complaint due | NA | August 28, 2026 | August 28, 2026 |
| Class certification motion and Plaintiffs' class certification expert disclosures due | March 12, 2026 | March 18, 2027 | November 16, 2026 |
| Class certification opposition and Defendant's class certification expert disclosures due | May 26, 2026 | June 3, 2027 | February 1, 2027 |
| Class certification expert discovery cut-off | July 10, 2026 | July 16, 2027 | March 18, 2027 |
| Class certification reply due | Sept. 3, 2026 | September 10, 2027 | May 13, 2027 |
| Class certification hearing | | January 14, 2028 | June 3, 2027 |

## 17.    Trial

**Plaintiffs' Statement:** Plaintiffs demand a jury trial. Plaintiffs estimate approximately seven to ten court days for trial.

**P&G's Statement:** P&G anticipates 2-3 days for trial if no class is certified, and 10 days

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

for trial if a class is certified.

**18.      Disclosure of Non-Party Interested Entities or Parties**

**Plaintiffs' Statement:** Plaintiffs are not aware of any non-party interested entities or persons, other than putative class members.

**P&G's Statement:** P&G filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, ECF No. 43.  There is no publicly-held corporation that owns 10 percent or more of P&G's stock.  P&G knows of no other persons or entities that may have a financial interest in the outcome of the case.

**19.      Professional Conduct**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.      Other Matters**

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action

DATED: July 24, 2026                                  **CLARKSON LAW FIRM, P.C.**

By: */s/ Cassandra Rasmussen*
         Ryan J. Clarkson
         Yana Hart
         Cassandra Rasmussen
         Jay Zheng

         *Attorneys for Plaintiff*

DATED: July 24, 2026                                  **COVINGTON & BURLING LLP**

By: */s/ Cortlin Lannin*
         Andrew Soukup
         Cortlin H. Lannin
         Sameer Aggarwal

         *Attorneys for Defendant The Procter & Gamble Co.*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 24, 2026                                   **CLARKSON LAW FIRM, P.C.**

                                                        By: */s/ Cassandra Rasmussen*
                                                        Cassandra Rasmussen

                                                        *Attorney for Plaintiff*

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com