**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Cassandra Rasmussen (PHV admitted)
*crasmussen@clarksonlawfirm.com*
Jiaming Zheng (SBN 363184)
*jzheng@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**KAPLAN FOX & KILSHEIMER, LLP**
Laurence King (SBN 206423)
*lking@kaplanfox.com*
Matthew George (SBN 239322)
*mgeorge@kaplanfox.com*
Walter B. Howe (SBN 244680)
*whowe@kaplanfox.com*
Sophia Pintar (SBN 367193)
*spintar@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612

*Attorneys for Plaintiff*

**COVINGTON & BURLING LLP**
Cortlin H. Lannin
*clannin@cov.com*
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel: (415) 591-6000

**COVINGTON & BURLING LLP**
Andrew Soukup (admitted *pro hac vice*)
*asoukup@cov.com*
Alyssa McGraw (admitted *pro hac vice*)
*amcgraw@cov.com*
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for The Procter & Gamble Co.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PAMELA WILT, VAIDEHI PATANKAR, AND SHIRLEY WON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE PROCTER & GAMBLE COMPANY,

Defendant.

Case No. 4:23-cv-5443-JST

*Hon. Jon S. Tigar*

**JOINT CASE MANAGEMENT STATEMENT**

Hearing Information:
Date: October 30, 2026
Time: 1:30 pm
Courtroom: Via Zoom Webinar



Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Pursuant to the Court's Scheduling Order (ECF No. 115), Plaintiffs Pamela Wilt, Vaidehi Patankar, and Shirley Won ("Plaintiffs") and Defendant The Procter & Gamble Company ("P&G" or "Defendant") respectfully submit this Joint Case Management Statement in advance of the upcoming further case management conference scheduled for October 30, 2026.

## 1. Jurisdiction and Service

**Plaintiffs' Statement:** This Court has subject matter jurisdiction over this putative class action under 28 U.S.C. § 1332(d) because the proposed class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs served Defendant with the summons and complaint on November 6, 2023. *See* ECF No. 10. This Court has held that Plaintiffs have Article III standing and that it has subject matter jurisdiction over Plaintiffs' claims. ECF Nos. 45, 66.

**P&G's Statement:** P&G disputes that Plaintiffs have Article III standing to maintain their claims but acknowledges that this Court rejected those arguments in the context of P&G's motion to dismiss and held that it has subject matter jurisdiction to hear Plaintiffs' claims. *See* ECF No. 45. P&G agrees that if Plaintiffs have Article III standing, then this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d).

## 2. Facts

**Plaintiffs' Statement:** Defendant markets its ZzzQuil nighttime sleep aid Products[1] with misleading, false, and deceptive labels and advertisements. These Products are uniformly and prominently labeled as "Non-Habit Forming" on the front of each Product, despite containing ingredients that induce habitual use. Dr. Antonia Nemanich, a respected expert in medical toxicology and substance dependence, attests that diphenhydramine is habit forming, consistent with both the cited studies and her clinical experience. ECF 47-5. The Court found that the sources

[1] The "Products" are: (A) ZzzQuil™ Nighttime Sleep-Aids in all variations, sizes, or forms such as: (1) Liquid, Alcohol-Etc. Free, Soothing Berry; (2) Liquid, Calming Vanilla Cherry; (3) Liquid, Soothing Mango Berry; (4) Liquid, Warming Berry; (5) Pills (Liquid Capsules); and (B) ZzzQuil™ Nighttime Sleep-Aid Pain Reliever, in all variations, sizes, or forms, such as: (1) Liquid, Black Cherry; (2) Liquid, Midnight Berry; and (3) Pills (Gel Tablets). ECF No. 47 ¶ 5.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

cited by Dr. Nemanich and the SAC "support [Plaintiff's] claim that even the directed usage of diphenhydramine can lead to dependency, tolerance, and abuse." ECF No. 66. The Court has already rejected Defendant's arguments on standing, preemption, and other issues. ECF Nos. 45, 66. *Scott v. Walmart*, cited by Defendant below, is inapplicable to our case. Among other reasons, it is an out of jurisdiction New York state case, and Walmart in that case offered an unrestricted money back guarantee which would have addressed that plaintiff's alleged economic injury—unlike here. As this Court has already held, because there is no federally approved label for ZzzQuill as to the Habit Representations, Plaintiffs' claims are not preempted by FDA requirements. ECF 66. P&G quotes the defendant's position in *Scott v. Walmart*, but as this Court has already noted in denying P&G's motion to dismiss, "[a] closer examination of the tentative final monograph and the final monograph present a different picture" because "the final monograph makes no mention of any "non-habit forming" claims at all," but "the tentative final monograph specifically concluded that "the term 'non-habit-forming' is misleading, undesirable and probably false." ECF 45 at 8:7–13. Accordingly, Plaintiffs have already prevailed in their motion to dismiss, including on preemption. ECF 66. To the extent Defendant has further authorities it would like the Court to consider it should avail itself of the proper conventions of the Federal and Local Civil Rules to do so.

The Products' front labels falsely assure consumers the Products are "non-habit forming," while the back labels say nothing about the risk. The directions, in small font on the back of the Product, to "stop use" if "sleeplessness persists continuously for more than two weeks" does not clearly communicate to consumers that there is a risk of developing a habit if taken for more than two weeks, and certainly does not cure the deceptive "non habit forming" claim on the front. Furthermore, reasonable consumers could interpret the full directions on current ZzzQuil products, "Stop Use And Ask A Doctor If sleeplessness persists continuously for more than 2 weeks. Insomnia may be a symptom of serious underlying medical illness," as meaning that users should speak to their doctors if sleeplessness persists because the insomnia may be a symptom of a serious medical illness—not because of any risk from continued usage of ZzzQuil. Plaintiffs also dispute Defendant's contention that the Products are not habit forming if taken for fewer than two weeks. Moreover, telling consumers to stop, as the Court recognized, offers no help once the habit is

formed. The two FDA monographs Defendant cites below—which are forty years old and concern different medications altogether (*see* ECF 53-2, 53-4)—have already been considered by this Court when it denied Defendant's Motion to Dismiss the Second Amended Complaint. *See* ECF 66 at 7–8. As the Court noted, the cough medicines in those monographs are "entirely different products from sleep aids, particularly because cough medicines are intended for infrequent use only when someone has a cough, whereas sleep aids relate to a daily occurrence [and] are intended for more regular use than a sporadic need for a cough remedy." *Id*. at 8:6–9 (internal quotation marks omitted where the Court cited to Plaintiff's motion).

The Products' "Non-Habit Forming" claim therefore leads reasonable consumers, including Plaintiffs, to believe that the Products are "healthier" and "safer" sleep aids that do not pose a risk of habit formation. ECF No. 45 at 11:27–12:2. Consequently, consumers, including Plaintiffs, have paid a premium for Products that are falsely advertised as non-habit forming. Plaintiffs seek restitution and damages for the economic losses suffered by the class, as well as an injunction to stop the use of these misleading advertisements. Plaintiffs further seek the certification of this case as a class action, appointment as class representatives for the nationwide class and the California subclass of consumers who have purchased the Products within the applicable statutes of limitation, and appointment of Plaintiffs' counsel as class counsel.

**P&G's Statement:** This case is about whether ZzzQuil, an over-the-counter nighttime sleep-aid, misleads reasonable consumers through its accurate representation that it is "non-habit forming." ZzzQuil's directions expressly instruct consumers to use the medicine only once a day and to "[s]top use and ask a doctor if sleeplessness persists continuously for more than 2 weeks." Reasonable consumers would follow those instructions, making it implausible that they would develop a "habit." Indeed, when the FDA determined whether to approve ZzzQuil's active ingredient, diphenhydramine, in nighttime sleep-aids, it considered (among other things) whether the ingredient could be habit-forming before ultimately concluding that it was safe and effective for over-the-counter use. The FDA has also approved of the non-habit forming representation on other medicine that contains diphenhydramine. *See* ECF No. 53-2, 53-4. Notably, in a recent case against Walmart, the court dismissed as preempted similar claims concerning the "non-habit forming"

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

labels on diphenhydramine sleep-aids. *See Scott v. Walmart Inc.*, 89 Misc. 3d 1251(A), 2026 WL 2561736 (Table) (N.Y. Sup. Ct. 2026) (noting that "the FDA Tentative Final Monograph and Final Monograph on Nighttime Sleep-Aid Drug Products found diphenhydramine has no ability to create dependency and no unresolved safety or effectiveness issues relating to [its] use as an OTC nighttime sleep-aid, respectively."). There is nothing false, misleading, or deceptive about P&G's conduct, this case should not be certified as a class action, and Plaintiffs (and members of the putative class they seek to represent) are not entitled to any damages, restitution, or injunctive relief.

**3. <u>Legal Issues</u>**

Plaintiffs allege that Defendant's labeling of ZzzQuil Products as "Non-Habit Forming" is false and misleading, in violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, et seq.), False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500, et seq.), and Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750, et seq.). Plaintiffs also allege common law claims for breach of warranty and unjust enrichment. The disputed legal issues include whether the representation that ZzzQuil is "non habit-forming" misleads reasonable consumers, whether Plaintiffs or any putative class member relied on the "non habit-forming" representation when they allegedly bought the medicine, whether Plaintiffs' claims are preempted by the Federal Food, Drug, and Cosmetic Act, whether Plaintiffs or any putative class member sustained damages (and, if so, the proper measure of their damages), and whether this case can be certified as a class action.

**4. <u>Motions</u>**

On April 4, 2025, the Court denied P&G's motion to dismiss Plaintiffs' Second Amended Complaint. ECF No. 66. On July 13, 2026, the Court granted Plaintiffs' motion to file a Third Amended Complaint ("TAC"). ECF No. 103. There are currently no pending motions.

Plaintiffs anticipate filing a motion for class certification, as well as other pre-trial motions as needed, including discovery, summary judgment, motions in limine, and Daubert motions. Plaintiffs will also oppose any further motions filed by Defendant.

P&G anticipates filing at least a motion for summary judgment at an appropriate stage in this case. P&G also anticipates opposing additional motions Plaintiffs may file, including any



Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

motion for class certification, and it may file motions to exclude Plaintiffs' experts under Federal Rule of Evidence 702.

**5. Amendments of Pleadings**

**Plaintiffs' Statement:** On July 13, 2026, the Court granted Plaintiff's motion for leave to file an amended complaint. ECF No. 103. As such, Plaintiffs Pamela Wilt, Vaidehi Patankar, and Shirley Won filed a Third Amended Complaint ("TAC") on July 24, 2026 (ECF No. 104). The TAC is substantially similar to the Second Amended Complaint ("SAC"). The only differences between the SAC and TAC are the replacement of Plaintiff Stephen Sneed with Plaintiffs Wilt, Patankar, and Won, and where necessary the updating of URLs for sources cited in the footnotes. Plaintiffs do not anticipate filing any further amended complaint(s).

**P&G's Statement:** P&G answered the TAC on August 27, 2026. ECF No. 116. P&G credits Plaintiffs' representation that they do not intend to amend again, and P&G would likely oppose any attempt by them to do so.

**6. Evidence Preservation**

The parties each independently assert that they have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

**Plaintiffs' Statement:**

The parties exchanged initial disclosures on August 12, 2024. Plaintiffs will provide initial disclosures for Pamela Wilt, Vaidehi Patankar, and Shirley Won by October 23, 2026.

**P&G's Statement:**

P&G made initial disclosures on August 12, 2024. The named plaintiffs at that time—Stephen Sneed, Nickolas Cannon, and Moussa Kouyate—also made initial disclosures on August 12, 2024. Since then, however, three new named plaintiffs were substituted into this case in the TAC: Pamela Wilt, Vaidehi Patankar, and Shirley Won. These plaintiffs have not made initial disclosures.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

**8. Discovery**

**Plaintiffs' Statement:**

**A. Discovery Propounded by Plaintiff**

Parties have exchanged initial disclosures and served responses to ROGs, RFPs, and RFAs. Plaintiff issued a Meet and Confer letter to Defendant on December 30, 2025 ("M&C Letter") which addressed discovery Plaintiffs deemed outstanding. One key point of dispute was Defendant's refusal to produce documents from after October 23, 2023.

Since the last CMC, Parties have met and conferred to discuss discovery responses in dispute. Plaintiffs issued an email to Defendant on August 10, 2026 reiterating the discovery which Plaintiffs considered outstanding. Parties met and conferred on August 18, 2026. After some back and forth discussion, Parties came to an agreement that Defendant would produce the below priority items:

- Amended interrogatory responses.
- Exemplars of labels and advertisements (responsive to RFPs 2, 3, 6, 11, 12, and 19 and to Rogs 1, 3, and 6) and documents showing the date ranges when each label and marketing was used.
- Retail sales data and units sold in California (responsive to RFPs 29, 30, and 32 and to Rog 10).
- Complaints to P&G regarding the "non-habit forming" representation or the difficulty of stopping use of (or a perceived dependency on) the products (responsive to RFPs 45 and 46 and to Rog 9).
- Organizational charts identifying personnel responsible for the products, including the "non-habit forming" representation.

Defendant also agreed to produce documents dated through November 17, 2025.

Plaintiffs made clear that they reserve the right to revisit discovery requests in the future, and to address other topics in depositions.

After some back and forth, Defendant wrote that it was "hopeful" that it would produce both the documents and interrogatory responses by October 7, 2026. Defendant produced documents on

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

October 7, 2026, and amended interrogatory responses on October 16, 2026. Plaintiffs are assessing whether the documents produced and amended Rogs comply with the agreement reached by Parties, or whether further follow-up is needed.

**B. Discovery propounded by Defendant**

Defendant served RFPs, Rogs, and RFAs on Plaintiffs Wilt, Patankar, and Won. Plaintiffs have produced timely responses on September 23, 2026, including written responses and concurrent document production. Despite Defendant's contention below, Plaintiffs have produced extensive evidence of the habit-forming nature of diphenhydramine, including the scientific studies cited in the TAC (*see* ECF 104 ¶¶ 16 & n. 12; 29 & n. 33; 30 & n. 34, 38–40; 31–37 & n. 42, 44) and the Declaration of Dr. Antonia Nemanich, MD. ECF 104-5 ¶¶ 2, 7–12.

**P&G's Statement:**

**A. Discovery Propounded by Plaintiff**

In compliance with an order of this Court, P&G substantially completed its document production by September 19, 2025. ECF No. 86. In accord, on October 1, 2025, the parties submitted a joint stipulation confirming that "on September 19, 2025, P&G substantially completed its production, which consisted of over 5,000 pages of documents." ECF No. 87.

Plaintiffs later (and belatedly) disputed the completeness of P&G's production. The Parties have now resolved those issues and, as Plaintiffs note above, P&G agreed to conduct a supplemental search for certain categories of responsive and non-privileged documents for the period from October 24, 2023, to November 17, 2025 (the date on which Plaintiffs sought to amend the complaint to substitute new plaintiffs). P&G agreed to search for documents during this supplemental time period that fell into three categories: exemplars of labels and advertisements, data regarding retail sales and units sold in California, and complaints to P&G regarding the "non-habit forming" representation or the difficulty of stopping using (or a perceived dependency on) the products. P&G also agreed to provide org charts identifying personnel responsible for the products, including the "non-habit forming" representation. P&G produced these documents on October 7, 2026.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

P&G had previously served its responses and objections to Plaintiffs' interrogatories on May 21, 2025. P&G then served amended interrogatories to Plaintiffs' interrogatories on August 15, 2025. Following Plaintiffs' December 30, 2025 letter and the Parties' further meet-and-confer discussions, P&G agreed to provide an additional amended interrogatory response, including to identify additional responsive documents under Fed. R. Civ. P. 33(d). P&G served its second amended interrogatory responses on Plaintiffs on October 16, 2026.

In short, as far as P&G is concerned there are no live disputes concerning P&G's discovery responses and productions.

**B. Discovery Propounded by P&G**

P&G served RFAs, RFPs, and ROGs on Plaintiffs Wilt, Patankar, and Won on July 27, 2026. Plaintiffs responded to P&G's written discovery requests on September 23, 2026. To date, Plaintiffs have produced only 17 total documents in response to P&G's requests for production, and Plaintiffs have produced nothing to support the factual contentions about the so-called habit-forming nature of the product (including the contentions summarized at page 2-3 of this Joint Case Management Statement). P&G will follow up with Plaintiffs concerning the deficiencies it has identified in Plaintiffs' responses and productions.

**9. <u>Class Actions</u>**

**Plaintiffs' Statement:** Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and all others included in the putative Class. Plaintiffs intend to move for class certification consistent with the proposed schedule ordered by the Court on July 31, 2026 (ECF 115). Plaintiffs' counsel has reviewed the Procedural Guidelines for Class Action Settlements.

**P&G's Statement:** This case is not amenable to class-wide treatment and P&G intends to oppose Plaintiffs' motion for class certification. P&G's counsel has reviewed the Procedural Guidance for Class Action Settlements.

**10. <u>Related Cases</u>**

The parties are unaware of any related cases at this time.

/ / /

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

**11. Relief**

**Plaintiffs' Statement:** Plaintiffs seek injunctive relief, all available monetary relief (including but not limited to compensatory damages, consequential damages, punitive damages, restitution/disgorgement, pre/post-judgment interest), and attorneys' fees, costs, and expenses, and any further relief the Court deems just and proper.

**P&G's Statement:** P&G denies that Plaintiffs are entitled to any relief.

**12. Settlement and ADR**

Pursuant to Civ. L.R. 16-8(b), the parties filed their ADR Certifications on April 9, 2024. ECF Nos. 30, 31, 32 (Plaintiffs' ADR Certifications); ECF No. 34 (P&G's ADR Certification).

**13. Other References**

The Parties do not believe any referrals are necessary at this time.

**14. Narrowing of Issues**

**Plaintiffs' Statement:** Plaintiffs are presently unaware of any stipulations or agreements that could narrow the issues at this time.

**P&G's Statement:** P&G anticipates that the case may be narrowed by P&G's anticipated motion for summary judgment.

**15. Expedited Trial Procedure**

The parties do not believe that this action is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

**16. Scheduling**

**Plaintiffs' Statement:** Parties discussed proposed schedules with the Court at the prior CMC. On July 31, 2026, the Court issued its Scheduling Order (ECF 115) setting case deadlines through class certification hearing. Plaintiffs propose no modification to the schedule at this time.

**P&G's Statement:** P&G agrees with Plaintiffs that no modification to the current Scheduling order (ECF No. 115) is necessary at this time.

**17. Trial**

**Plaintiffs' Statement:** Plaintiffs demand a jury trial. Plaintiffs estimate approximately seven to ten court days for trial.

**P&G's Statement:** P&G anticipates 2–3 days for trial if no class is certified, and 10 days for trial if a class is certified.

**18. Disclosure of Non-Party Interested Entities or Parties**

**Plaintiffs' Statement:** Plaintiffs are not aware of any non-party interested entities or persons, other than putative class members.

**P&G's Statement:** P&G filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, ECF No. 43. There is no publicly held corporation that owns 10 percent or more of P&G's stock. P&G knows of no other persons or entities that may have a financial interest in the outcome of the case.

**19. Professional Conduct**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other Matters**

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

DATED: October 23, 2026

**CLARKSON LAW FIRM, P.C.**

By: /s/Cassandra Rasmussen
Ryan J. Clarkson
Yana Hart
Cassandra Rasmussen
Jay Zheng

**KAPLAN FOX & KILSHEIMER LLP**
Laurence King
Matthew George
Sophia Pintar
Walter Howe

DATED: October 23, 2026

**COVINGTON & BURLING LLP**

By: /s/Cortlin Lannin
Andrew Soukup
Cortlin H. Lannin
Alyssa McGraw

*Attorneys for Defendant The Procter & Gamble Co.*

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

## ATTESTATION OF FILER

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:

**CLARKSON LAW FIRM, P.C.**

By: */s/ Cassandra Rasmussen*
Cassandra Rasmussen

*Attorney for Plaintiff*